John **HUISMAN**, Plaintiff,

v.

**GEUDER, PAESCHKE & FREY CO.**, a corporation, c/o Harold E. Whiteley, and New York Central Railroad Co., a corporation, Defendants.

No. 65-C-97.

United States District Court
E. D. Wisconsin.

Feb. 16, 1966.

---

George Henry Lavan, Cleveland, Ohio, for plaintiff.

Reuben W. Peterson, Jr., Milwaukee, Wis., for defendant, Geuder, Paeschke & Frey Co.

Rodger S. Trump and Richard R. Robinson, Milwaukee, Wis., for defendant, New York Central Railroad Co.

REYNOLDS, District Judge.

This case is before the court upon the plaintiff's motion to transfer venue under 28 U.S.C.A. § 1404(a) "For the convenience of parties and witnesses, in the interest of justice, * * *."

Plaintiff seeks to transfer venue from this district to the Northern District of Ohio, Eastern Division. Plaintiff alleges:

1. That he resides in the Northern District of Ohio, Eastern Division, and is a citizen of the State of Ohio;

2. That the injury set forth in the complaint occurred in the Northern District of Ohio, Eastern Division, and that his claim did not arise out of any business transacted by defendants in this state or district;

3. That this action could have been brought by plaintiff in said Northern District of Ohio, Eastern Division;

4. That plaintiff has "diverse" witnesses whose testimony will be material and necessary, all of whom reside in the Northern District of Ohio, Eastern Division;

5. That the expense of bringing these witnesses to Milwaukee will be great; and

6. That the trial of this action will necessitate an interpretation of a number of statutes and court decisions of the State of Ohio.

Plaintiff's attorney did not appear in court to argue this motion.* The motion to transfer venue is opposed by defendant, Geuder, Paeschke & Frey Co. This defendant, through its attorneys, states (1) that the alleged negligent loading on its part took place in the Eastern District of Wisconsin; (2) that five employees of Geuder, Paeschke & Frey Co., familiar with the transaction, reside in the Eastern District of Wisconsin; (3) that two Milwaukee Road inspectors who inspected the load in question reside in the Eastern District of Wisconsin; and (4) that plaintiff commenced this action in the Eastern District of Wisconsin.

Defendant, New York Central Railroad Co., takes no position on this motion.

■ It is well settled that a motion to transfer venue under 28 U.S.C.A. § 1404(a) lies within the broad discretion of the district court. Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299, 302 (7th Cir. 1955), cert. denied 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735. The district court will in its discretion grant such a motion when the convenience of the parties, convenience of the witnesses, or the interest of justice necessitates a transfer of venue. The burden is upon the party seeking such transfer to establish one of these requisites to the satisfaction of the court. United States v. E. I. du Pont de Nemours & Co., 87 F.Supp. 962, 965 (N.D.Ill.1950), cert. denied 339 U.S. 941, 70 S.Ct. 791, 94 L.Ed. 1357. The plaintiff here has not met his burden.

■ One-half hour before hearing time (February 1, 1966) upon this motion to transfer venue, plaintiff's attorney informed the court, via special delivery letter, that he would not be present at the hearing to argue plaintiff's motion, although notice of the hearing date was sent to plaintiff's attorney on January 11, 1966. The court, therefore, must base its finding solely upon plaintiff's motion and affidavit, and defendant's, Geuder, Paeschke & Frey Co.'s, affidavit and oral argument to the court. The fact that plaintiff resides in the Northern District of Ohio is insufficient of itself to require a transfer of venue to that district, particularly when the plaintiff has chosen a different forum. Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra 220 F.2d at 303.

Plaintiff alleges that he has "diverse" material and necessary witnesses, all of whom reside in the Northern District of Ohio. On the other hand, defendant, Geuder, Paeschke & Frey Co., alleges by affidavit and in oral argument before the court that it has five employee witnesses and two railroad inspector witnesses, all of whom reside in the Eastern District of Wisconsin. The term "diverse" is vague and ambiguous. It could connote any number of witnesses greater than one. Since plaintiff's attorney has declined to comment orally to the Court upon his motion, the Court has only his conclusory allegations in the motion and affidavit that these "diverse" witnesses are in fact material and necessary. There is little, therefore, to indicate that the convenience of plaintiff's witnesses would be served by a trial in Ohio. Certainly a trial in Ohio would inconvenience defendants' witnesses.

There is no basis in the record in this case for a conclusion that the interest of justice would be served by granting a change of venue. Plaintiff brought suit in the Eastern District of Wisconsin. Plaintiff then moved for a transfer of

---

* Plaintiff's counsel was twice requested to comply with Rule 1(d) of the rules of this court requiring the appointment of local counsel, and has to date failed to do so.

On April 14, 1965, a request to comply with Rule 1(d) was made by the clerk of court to plaintiff's counsel, and on January 11, 1966, a second request was made by a deputy clerk.

venue under 28 U.S.C.A. § 1404(a) but declined to argue the motion before the Court. One defendant vigorously opposed the motion by affidavit and oral argument. Although informed by letter of the clerk of court, dated June 14, 1965, of the rule of court requiring submission of a brief in support of a motion to transfer venue (Rule 8), plaintiff's attorney has not submitted a brief in support of his motion.

The Court concludes that good cause has not been shown for a transfer of venue when plaintiff has chosen his forum, has not argued the motion to transfer, and has not filed a brief in support thereof. The bare allegations of plaintiff's motion and supporting affidavit as filed in this case are insufficient to justify a transfer of venue when such transfer is opposed by one of the defendants. This is not to say that the moving party's failure to argue or brief a motion to transfer venue would in all instances require a determination of that motion against him. It is only to say that the Court, considering the record in this case as a totality, exercises its discretion under 28 U.S.C.A. § 1404(a) to deny plaintiff's motion.

It is therefore ordered that for the foregoing reasons, plaintiff's motion must be and it is hereby denied.