Martha **LOWRY**, Widow of Jim Leroy Lowry, Deceased, Plaintiff,

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY**, a corporation, Defendant.

Civ. No. 68–142.

United States District Court
W. D. Oklahoma.

Oct. 8, 1968.

**868**

E. W. Keller, Oklahoma City, Okl., for plaintiff.

Loyd Benefield, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., for defendant.

### ORDER TRANSFERRING CASE

DAUGHERTY, District Judge.

Upon consideration of the Defendant's Motion to Transfer the above case to the United States District Court for the District of Kansas, the Court finds that the motion should be granted.

■ The transfer is sought under Title 28, United States Code, Section 1404(a), which provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This statute sets out what can be best described as a triple standard to be applied to the facts and circumstances of each case. The convenience of the parties, the convenience of the witnesses and the interest of justice are all to be considered before this Court will, in the exercise of its discretion, grant or deny a transfer of a case. In considering and applying the above standards to each case, the Court should consider the relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining willing witnesses, and the possibility of a view of the premises, among other factors. Chicago, Rock Island and Pacific R. Co. v. Hugh Breeding, Inc., 247 F.2d 217 (10 Cir. 1956), cert. den. 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107; Stiffel Co. v. Sears, Roebuck and Co., 162 F.Supp. 637 (D.C. N.C.1958); Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945

(1964). The purpose of Title 28, United States Code, § 1404(a), supra, authorizing the transfer of a civil case from one federal district court to another, is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, supra. A request for transfer is addressed to the sound discretion of the trial court. Chicago, Rock Island and Pacific R. Co. v. Hugh Breeding, Inc., supra; Thomas v. Silver Creek Coal Co., 264 F.Supp. 833 (D.C.Pa.1967). Where none of the conduct complained of occurred in the forum selected by the Plaintiff, the deference due to freedom of a plaintiff to select his own forum has minimal value in determining whether the action should be transferred to another federal district court. Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299 (7 Cir. 1955). The need to hire an attorney in the district to which the case is transferred because of transfer is entitled to little weight. Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra.

■ From what has been presented to the Court, the Court finds herein that the accident involved occurred in western Kansas, the case must be tried under Kansas law, both statutory and common law, the Plaintiff and her decedent lived in Kansas at the time of the accident, the Plaintiff moved to Enid, Oklahoma in western Oklahoma and near the Kansas border after the accident. The Defendant has eleven witnesses, all of whom live in Kansas. Five of these are employees of the Defendant and could be brought to Oklahoma City for the trial but at greater expense. Six of these witnesses are not within range of the process of this Court. The Defendant is suable in Kansas and the case could have been brought in the United States District Court for the District of Kansas.

■■ The Plaintiff complains of the lateness of Defendant's Motion to Transfer. The Complaint herein was filed on April 10, 1968. The Motion to Transfer was filed on July 30, 1968. The statute

involved prescribes no particular time within which such a motion must be lodged. It is true that in the orderly administration of justice such a motion should be filed as early as possible. However, it is reasonable to assume that an investigation of some consequence needs to be accomplished in order to assemble all of the pertinent factors to be presented and considered in connection with a motion to transfer. The Plaintiff presents no case supporting this complaint of lateness. The Court finds and concludes that a period slightly in excess of three months from date of filing is not an unreasonable or improper time within which to lodge a motion to transfer.

In the circumstances of this case and in the discretion of the Court, it is concluded that for the convenience of the parties and witnesses and in the interest of justice, this case should be and the same is hereby ordered transferred to the United States District Court for the District of Kansas. The Clerk of this Court will effect the transfer.