**McGRAW–EDISON COMPANY, a Delaware corporation, Plaintiff,**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland corporation, Defendant.**

**No. 70–C–661.**

United States District Court,
E. D. Wisconsin.

Feb. 18, 1971.

Kohner, Mann & Kailas, Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & Hayes, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to transfer this action to the northern district of Oklahoma, pursuant to the provisions of 28 U.S.C. § 1404(a); in the alternative, the defendant has moved to stay this action pending the outcome of a related action in the Oklahoma court. The present action originally was brought in the circuit court for Milwaukee County and later was removed to this court, at the defendant's request, under 28 U.S.C. § 1441.

The plaintiff allegedly supplied materials to a partnership called K & B Contractors, of Tulsa, Oklahoma, for use by K & B in an Iowa construction project. The action is one against the surety on K & B's contractor's bond for $15,243, which the plaintiff contends is still owed by K & B under its contract with the plaintiff.

In its brief in support of its motion to transfer, the defendant argues that none of the events giving rise to the plaintiff's claim occurred in Wisconsin; that none of the potential witnesses reside in this state; and that the plaintiff's records relating to the contract with K & B are in Oklahoma. The defendant also contends that it will be unable to implead K & B unless the action is transferred and states that, after the instant action was begun, an action was filed in the federal district court for the northern district of Oklahoma in which K & B is the plaintiff and McGraw-Edison is the defendant; the Oklahoma action, the defendant maintains, will be dispositive of the issues confronting the court in the case at bar.

The plaintiff counters by arguing that the bid on the Iowa project was prepared by its Power Systems Division, then located in Milwaukee, and that the contract with K & B was executed in either Texas, where it has a sales office, or in Wisconsin. It alleges that its records are located not in Oklahoma, but in Pennsylvania, and that, while its own witnesses do not reside in Wisconsin,

most of them are closer to Wisconsin than to Oklahoma. Finally, the plaintiff urges that the present action will be just as determinative of the dispute between the parties as will the Oklahoma action.

A motion to transfer venue lies within the broad discretion of the district court. See Amis Construction Co. v. Pressed Steel Tank Co., 279 F.Supp. 83 (E.D.Wis.1968); Huisman v. Geuder, Paeschke & Frey Co., 250 F.Supp. 631 (E.D.Wis.1966). The fact that the present action has been removed from a state court has no bearing on the defendant's motion to transfer. Chicago, R.I. & P. R.R. Co. v. Igoe, 212 F.2d 378 (7th Cir. 1954); cf. Sund v. American Can Co., 272 F.Supp. 1969 (E.D.Wis. 1967). Furthermore, both parties appear to agree that the northern district of Oklahoma is a district in which the action "might have been brought".

It is clear that a plaintiff's choice of forum is to be disturbed only upon a clear showing by the moving party that the transferee forum would be more convenient and that the proposed transfer would be "in the interest of justice." Amis Construction Co., supra; Zelman v. Bethlehem Steel Co., 186 F. Supp. 246 (E.D.Pa.1960); United States v. General Motors Corp., 183 F.Supp. 858 (S.D.N.Y.1960). In my opinion, the defendant in the present action has made such a showing, and its motion to transfer will be granted.

Neither party is specific about the witnesses it will call. However, the defendant points out that K & B's partners and employees reside in Oklahoma and that one of the partners was a party to the contract with McGraw-Edison. While there is some question as to whether the contract was executed in Oklahoma, Texas, or Wisconsin, it is reasonably certain that many of the negotiations preceding its execution emanated from the plaintiff's Dallas sales office. The fact that the plaintiff once had its Power Systems Division in Milwaukee and the fact that its records relating to the contract now are in Pennsylvania do not, it seems to me, shift the balance back in favor of the plaintiff's choice of forum.

I have examined the complaint in the action pending in Oklahoma and am convinced that most, if not all, of the issues in the instant action will be resolved in the Oklahoma action. This, coupled with the possibility that the present action, if transferred, can be consolidated with the Oklahoma action, lends weight to the other considerations favoring transfer. See Wolf v. Ackerman, 308 F.Supp. 1057 (S.D.N.Y.1969); Pierce v. Rederi A/B Transatlantic, 191 F.Supp. 220 (S.D.N.Y.1960); but see Blue Diamond Coal Co. v. United Mine Workers, 282 F.Supp. 562 (E.D.Tenn.1968).

Finally, the defendant's contention that it will be able to implead K & B if this action is transferred—a contention that is not seriously disputed by the plaintiff—militates in favor of granting the defendant's motion. In Simpson Timber Co. v. Great Salt Lake Minerals & Chemicals Corp., 296 F.Supp. 243, 246 (D.Or.1969), the court stated:

"The ability to implead a party in the transferee forum who may be liable is an important consideration in determining a motion to transfer."

See also Koeneke v. Greyhound Lines, Inc., 289 F.Supp. 487 (W.D.Okl.1968); Brown v. Blidberg Rothchild Co., 222 F. Supp. 18 (D.Del.1963); Allied Petro-Products, Inc. v. Maryland Cas. Co., 201 F.Supp. 694 (E.D.Pa.1961).

Therefore, it is ordered that the defendant's motion to transfer this action to the federal district court for the northern district of Oklahoma be and hereby is granted.