**Roger WALSH, Plaintiff,**

v.

**CHICAGO TITLE & TRUST COMPANY, Defendant.**

**No. 71–C–346.**

United States District Court, E. D. Wisconsin.

Feb. 18, 1972.

Hersh, Stupar, Stepke, Gollin & Schulz by Michael Stupar, Milwaukee, Wis., for plaintiff.

Reinhart, Boerner, Van Deuren & Norris by Paul V. Lucke, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

In late 1969 a check for $2,500,000 was delivered to the defendant pursuant to the terms of an agreement under which it was to act as an escrow agent. When the defendant discovered that the check bore an allegedly forged endorsement, it stopped payment on certain oth-

er checks representing disbursements to beneficiaries of the escrow agreement. One of such checks was for $100,000 and was payable to the plaintiff in the present action; the plaintiff now seeks recovery of the $100,000 which he contends that the defendant is obliged to pay to him.

The plaintiff originally commenced this action in a state court, and it was removed to this court upon the defendant's petition, under 28 U.S.C. § 1441. The defendant since has moved to dismiss or to stay the instant action because of the pendency of numerous state court actions; in the alternative, the defendant seeks transfer of the case at bar to the United States district court for the northern district of Illinois. Since I believe that the motion to transfer should be granted, I deem it appropriate to leave the other motions for the attention of the transferee court. This technique frequently has been employed by other transferor courts. See, e.g., Hercules Co. v. S/S Aramis, 226 F.Supp. 599 (E.D.La.1964); United States v. Swift & Co., 158 F.Supp. 551, 560 (D.C. 1958).

The defendant's motion to transfer is made pursuant to 28 U.S.C. § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The northern district of Illinois is a district in which the present action "might have been brought." The defendant argues that "the convenience of parties and witnesses" requires that this action be transferred to Illinois. It asserts that the escrow agreement was executed in Chicago and that the plaintiff's choice of forum is entitled to little weight in light of the fact that the plaintiff "has elected for the past two years to appear and defend an action against him in state court in Chicago."

Counsel for the defendant declares in an affidavit that the transactions which gave rise to the present suit have spawned ten civil and several criminal actions in state courts in Chicago; the attorney also states that all of the defendant's records relating to the escrow agreement were produced pursuant to a subpoena issued by a federal grand jury in the northern district of Illinois and presently are in the custody of the FBI in Chicago. The affidavit sets forth the names of 14 of the defendant's employees, and the names of 15 "various Illinois residents," who would be called by the defendant to testify at the trial; the subject matter of the testimony of the latter group of persons also is set forth in some detail.

The plaintiff is a resident of the eastern district of Wisconsin, and he asserts that a foreclosure action brought against him by the defendant's bonding company presently is pending in a state court in this district. He argues that

"The mortgage and foreclosure action arise out of the same circumstances and facts as the instant action. It is anticipated that many of the same witnesses and proofs will be utilized in both the Waukesha foreclosure action and in the instant matter. The same attorneys that represent Chicago Title & Trust Company in the instant matter, represent American Casualty Company of Reading, Pennsylvania and the Waukesha foreclosure action."

The plaintiff also argues that the distance between Milwaukee and Chicago is not so great as to warrant transfer of this case. In addition, his attorney states in an affidavit that at the trial "several residents of the State of Wisconsin will be called as witnesses by the plaintiff, including several former employees of . . . [the] . . . company formerly headed by the plaintiff." Finally, the plaintiff contends that his financial resources are limited and that the "relative ability of the litigants to bear the expenses of trial in any particular forum is a factor to be considered in ruling on a motion to transfer."

██ A motion to transfer lies within the discretion of the district court. McGraw-Edison Co. v. United States Fidelity & Guaranty Co., 322 F.Supp. 1049, 1051 (E.D.Wis.1971). "Where the transfer, if granted, will merely shift the inconvenience or where the equity is slightly in favor of the movant, a plaintiff's choice of forum must remain undisturbed." Amis Construction Co. v. Pressed Steel Tank Co., 279 F.Supp. 83, 86 (E.D.Wis.1968). It is my opinion, however, that the inconvenience to the defendant of a trial in Milwaukee is much greater than the inconvenience to the plaintiff if he is required to participate in a proceeding in Chicago. The defendant's records are located in Chicago. The defendant is very specific about the identity and number of the witnesses it will call at trial; the number of such witnesses is significantly greater than the number of the plaintiff's prospective witnesses.

In Aetna Casualty & Surety Co. v. Singer-General Precision, Inc., 323 F. Supp. 1141, 1144 (Del.1971), the court stated:

"Factual details sufficient for this Court to determine whether the forum chosen by the plaintiff is inconvenient to a defendant's witnesses are necessary. United Air Lines, Inc. v. United States, 192 F.Supp. 795, 796 (D. Del.1959). When inconvenience to witnesses is alleged some information should be put in the record as to how many witnesses are involved, the materiality of these witnesses to the case, how far away they are from the transferee Court as compared with this Court, how long they will be required at the trial, and whether they are persons whose time is vitally important in the operation of the defendant's business. While it is true that at an early stage of the case when a transfer motion is filed it is not always possible to be too specific about the witnesses to be called, some factual information about the matter should be available and supplied to the Court."

I conclude that the defendant has met its burden of showing that transfer should be ordered for the convenience of witnesses. See Pierce v. Carvel Stores of New York, Inc., 178 F.Supp. 626, 627 (E.D.Pa.1959); United States v. American Linen Supply Co., 134 F.Supp. 21, 25 (E.D.Wis.1955); cf. Grey v. Continental Marketing Associates, Inc., 315 F.Supp. 826, 831 (N.D.Ga.1970).

Section 1404(a) also provides that transfer must be "in the interest of justice." In Wyandotte Transportation Co. v. Great Lakes Towing Co., 196 F.Supp. 494, 496 (E.D.Wis.1961), the court stated:

"In deciding whether the interest of justice requires a transfer, the court is to consider (1) the relative case of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses, (4) the possibility of a view of the premises, and (5) the state of the court calendars. Chicago, Rock Island and Pacific Railroad Company v. Igoe, 7 Cir., 1955, 220 F. 2d 299."

In the case at bar, it is apparent that most of the sources of proof are in Chicago or Illinois Furthermore, because of the number of the defendant's prospective witnesses, considerable expense would result if this action were tried in Milwaukee. As was true in United States v. American Linen Supply Co., supra, 134 F.Supp. at page 26, "Compulsory process for the attendance of unwilling witnesses would probably be equally available in either Chicago or Milwaukee"; however, "The cost of obtaining the attendance of willing witnesses would be vastly less in Chicago than in Milwaukee."

Therefore, it is ordered that the defendant's motion to transfer this action to the United States district court for the northern district of Illinois be and hereby is granted.