**M. Stuart ADLER, M.D.,**
**Plaintiff,**

**v.**

**AVIS RENT–A–CAR SYSTEM, INC.,**
**and Avis, Inc., Defendants.**

**No. 73–C–672.**

United States District Court,
E. D. Wisconsin,
Milwaukee Division.

April 7, 1975.

---

Michael H. Gillick, Habush, Gillick, Habush, Davis & Murphy, Milwaukee, Wis., for plaintiff.

K. E. Kilmer, Kasdorf, Henderson, Dall, Lewis & Swietlik, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

On or about November 15, 1973, plaintiff M. Stuart Adler commenced an action against defendants Avis Rent-A-Car System, Inc. and Avis, Inc. in the County Court of Milwaukee County, Wisconsin, for damages arising out of an automobile accident in Venezuela. By petition filed herein on December 20, 1973, defendants removed the action to this Court on grounds of diversity of citizenship. Concomitant therewith, defendants also filed a motion for change of venue to the United States District Court for the Eastern District of New York or, alternatively, to the United States District Court for the Southern District of New York. Although plaintiff concedes the validity of the removal of the action to federal court, he opposes the motion for change of venue, which motion the Court will undertake to resolve herein.

The pleadings and papers filed in this action disclose that plaintiff was a resident of the state of New York at the time of the accident which occasioned this lawsuit and that he now resides in Hackensack, New Jersey. Defendants Avis Rent-A-Car System, Inc. and Avis, Inc. are both Delaware corporations whose home offices are located in Garden City, New York. Although neither corporation is licensed to transact business in the state of Wisconsin, they are engaged in substantial activities in the state of Wisconsin in that they solicit, advertise, maintain rental stations, carry on business and rent automobiles within the state of Wisconsin in the ordinary course of trade.

Plaintiff's complaint avers that on July 6, 1972, Pan American World Airways, Inc. made reservations through its New York agent for plaintiff's flight from Baltimore, Maryland to Caracas, Venezuela. The agent also made reservations at that time for the rental of a Dodge automobile from the defendants to be used by plaintiff upon his arrival in Caracas on July 14. Pursuant to plan, plaintiff arrived in Caracas and was allegedly met at the airport by an Avis agent who escorted plaintiff to an Avis station to record the necessary information and then transferred to plaintiff's possession a 1971 Dodge automobile. The complaint charges that the accident in question occurred thereafter on July 21, 1972, while plaintiff was traveling on a highway between Caracas and Maracaibo. Plaintiff complains that

the right rear tire of the automobile blew out, causing the automobile to go out of control and into a ditch, whereupon it struck a fence and fenceposts. By reason of these events, allegedly occasioned by defendants' negligence, plaintiff avers that he has sustained permanent injuries for which he seeks two million dollars in damages.

■ Defendants' motion for change of venue is premised upon 28 U.S.C. § 1404(a), which provides:

" § 1404. Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In view of the fact that both defendants maintain home offices in the eastern district of New York and transact business in the southern district of New York, this action could have been commenced in either the eastern district or southern district of New York. See 28 U.S.C. § 1391(c). Defendants urge that the existence of certain factors in this case relating to the convenience of the parties and their witnesses warrants a transfer, in the interest of justice, to either of the New York district courts. Having reviewed the affidavits submitted by the parties as well as the relevant law, this Court is persuaded to transfer this action to the eastern district of New York.

The affidavit of James M. Kastenbaum, Assistant General Counsel of defendant Avis Rent-A-Car System, Inc., states that the control and rental of vehicles designated as "Avis" vehicles in Venezuela is maintained entirely by an independent Venezuelan licensee known as A La Orden U Drive C.A. Insofar as the relationship of that company to the named defendants is material to this action, Mr. Kastenbaum declares that testimony will be supplied by David I. Schaffer, Vice President and General Counsel of Avis Rent-A-Car System, Inc., or by Stuart Stillman, Assistant General Counsel and Assistant Secretary of Avis Rent-A-Car Systems, Inc., both of whom work and reside in Nassau County in the eastern district of New York. Kastenbaum also states that evidence on any issue of insurance coverage on Venezuelan rentals will be supplied by Messrs. John Murphy and Michael A. Cavaleri of the Avis Insurance Department, both of whom are also employed and reside in the eastern district of New York. He further declares that since the action arises from an incident occurring in Venezuela, evidence of Venezuelan law may be required at trial, for which reason defendants would rely upon the expert testimony of Attorney Richard Dillenbeck, who practices law in the southern district of New York.

Similarly, affidavits submitted by defendants' counsel demonstrate that both the custodian of the records of Pan American World Airways, Inc. and the agent who arranged plaintiff's rental of the Dodge automobile are located in the eastern district of New York as are the employees and officers of the defendant corporations who would testify to the methods of operation, accountability for operations in Venezuela, and responsibility for the acts of the Venezuelan rental agency utilized by the plaintiff. In addition, counsel state that all records of both defendant corporations are located in the eastern district of New York as is at least one of plaintiff's medical witnesses.

Plaintiff, on the other hand, argues that his choice of forum is in and of itself entitled to clear weight and significance. He further contends that several of the witnesses enumerated by defendants are potential witnesses whose testimony would be directed to collateral issues. Moreover, as concerns any medical witnesses, plaintiff's counsel has likewise submitted an affidavit demonstrating that plaintiff was treated for his injuries by five physicians in Venezuela, two physicians in Milwaukee and one physician in New York and that he obtained treatment at one hospital in Venezuela, one hospital in New York and

one hospital in Milwaukee. Plaintiff submits that access of the Venezuelan medical witnesses to Wisconsin is no more difficult than to New York and, as regards the remaining medical witnesses, the balance is clearly in favor of retaining this action in Wisconsin.

■ A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) lies within the broad discretion of the district court. Chicago, Rock Island & Pacific R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir., 1955), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735; Goldsberry v. Ford Motor Co., 343 F.Supp. 1163, 1164 (E.D.Wis., 1972); Walsh v. Chicago Title & Trust Co., 339 F.Supp. 1372, 1374 (E.D.Wis., 1972); McGraw-Edison Co. v. United States Fidelity & Guar. Co., 322 F.Supp. 1049, 1051 (E.D. Wis., 1971); Huisman v. Geuder, Paeschke & Frey Co., 250 F.Supp. 631, 632 (E.D.Wis., 1966). Section 1404(a) establishes a triple standard against which the facts and circumstances of each case must be measured in resolving a transfer request. Igoe, *supra*; Lowry v. Chicago, Rock Island & Pacific R. Co., 293 F.Supp. 867, 868 (W.D.Okla., 1968). It is defendants' burden, as moving party, therefore, to clearly demonstrate that the transferee forum would be more convenient to the parties and the witnesses, and that the proposed transfer is warranted in the interests of justice. McGraw, *supra*, 322 F.Supp. at 1051. In the Court's opinion, that burden has been satisfied.

The pleadings herein disclose that none of the events which occasioned this lawsuit occurred in the eastern district of Wisconsin. Neither the negligence of which plaintiff complains nor any part of the contractual transaction between plaintiff and the defendants occurred in this district. For this reason, any deference accorded plaintiff's choice of forum is minimal:

"We agree with the statement of the court in Josephson v. McGuire, D. C., 121 F.Supp. 83, 84: 'A large measure of deference is due to the plain-

tiff's freedom to select his own forum. Yet this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff * * *.' In this case there is no controverted question which depends on any event occurring in the Northern District of Illinois. Both parties must rely upon evidence of events entirely removed from that District. B. Heller & Co. v. Perry, 7 Cir., 201 F.2d 525, 527." Igoe, *supra*, 220 F.2d at 304.

*See also*, Brindle v. Chesapeake & Ohio Ry. Co., 357 F.Supp. 1116, 1118 (N.D. Ill., 1973) and Lowry, *supra*, 293 F. Supp. at 868.

■ With respect to the convenience of the transferee court to the parties and their witnesses, the Court finds that factor clearly balanced in favor of the defendants. Plaintiff resides in New Jersey and both corporations maintain their home offices in the eastern district of New York. Although plaintiff argues that several of the witnesses specified by defendants are merely potential witnesses, that fact is not tantamount to the failure of defendants' proof. The Court notes that little progress has been made in this case beyond the filing of the complaint and answer. The motion for change of venue therefore comes at an early stage in the course of these proceedings, at which time the parties are obviously not in a position to identify the issues with any degree of certainty. Various courts, including those of this district, have therefore determined that certainty or exact specificity of witnesses is not an absolute to the sustenance of the movant's burden, so long as some factual information is supplied to the court:

" 'Factual details sufficient for this Court to determine whether the forum chosen by the plaintiff is inconvenient to a defendant's witnesses are necessary. United Air Lines, Inc. v. United States, 192 F.Supp. 795, 796 (D. Del.1959). When inconvenience to witnesses is alleged some information should be put in the record as to how

many witnesses are involved, the materiality of these witnesses to the case, how far away they are from the transferee Court as compared with this Court, how long they will be required at the trial, and whether they are persons whose time is vitally important in the operation of the defendant's business. While it is true that at an early stage of the case when a transfer motion is filed it is not always possible to be too specific about the witnesses to be called, some factual information about the matter should be available and supplied to the Court.'" Walsh, *supra*, 339 F.Supp. at 1374, quoting Aetna Casualty & Surety Co. v. Singer-General Precision, Inc., 323 F.Supp. 1141, 1144 (D. Del., 1971).

*See also*, Grubs v. Consolidated Freightways, Inc., 189 F.Supp. 404, 409 (D. Mont., 1960); Brown v. Woodring, 174 F.Supp. 640, 647 (M.D.Pa., 1959) and cases cited therein. It is obvious to the Court that one of the focal issues in this suit will be the nature of defendants' liability for whatever negligence might be attributable to the Venezuelan agency which transferred possession of the Dodge automobile to the plaintiff. As concerns that aspect of the case, all records and any person who might offer testimony are situated in the eastern district of New York. Likewise, all records of plaintiff's transaction with defendants through the New York agent of Pan American World Airways, Inc. are located in the eastern district of New York.

By comparison, however, plaintiff has advanced no reason for maintaining this action in the eastern district of Wisconsin. Moreover, although two Wisconsin physicians treated plaintiff for his injuries, one physician from New York also treated him as did five from Venezuela. Since the Venezuelan physicians have equal access to New York as to Wisconsin, their greater number coupled with the list of witnesses submitted by defendants serves to tip the scales in favor of the transferee court.[1]

Section 1404(a) also provides that a change of venue must be "in the interest of justice." Following the dictates of the Seventh Circuit Court of Appeals in Igoe, *supra*, this district in Wyandotte Transportation Co. v. Great Lakes Towing Co., 196 F.Supp. 494, 496 (E.D.Wis., 1961), enumerated the criteria relevant to any determination that a change of venue is required in the interest of justice:

"In deciding whether the interest of justice requires a transfer, the court is to consider (1) the relative ease of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses, (4) the possibility of a view of the premises, and (5) the state of the court calendars. Chicago, Rock Island and Pacific Railroad Company v. Igoe, 7 Cir., 1955, 220 F. 2d 299. . . ."

The parties have made no comparison with regard to the court calendars. Nor does the possibility of a view of the premises exist whether this Court retains the case or transfers it to the eastern district of New York. As to the remaining three factors, however, the Court again finds them balanced in favor of the transferee court. It appears from the affidavits that most of the sources of proof will either be located in New York or as equally accessible to New York as to Wisconsin. Furthermore, there is no compulsory process available by which the parties could obtain, for purposes of a trial in Milwaukee, Wisconsin, those witnesses who re-

---

1. The Court notes, however, that it is immaterial that defendants' elected expert on Venezuelan law may be situated in the southern district of New York. The convenience of expert witnesses is accorded little or no significance. Scheinbart v. Certain-Teed Products Corporation, 367 F.Supp. 707, 709–710 (S.D.N.Y.1973); Patterson v. Louisville & Nashville Rd. Co., 182 F.Supp. 95, 98 (S.D.Ind.1960).

side in the eastern district of New York and might be unwilling to testify, such as agents or employees of Pan American World Airways, Inc. Finally, in view of the fact that the majority of non-Venezuelan witnesses who would or might be willing to testify reside in New York, as opposed to anywhere in the eastern district of Wisconsin, the costs of obtaining the attendance of willing witnesses would be considerably less expensive in New York than in Milwaukee.

Now, therefore, it is ordered that defendants' motion to transfer this action to the United States District Court for the Eastern District of New York be and hereby is granted.