ITT THORP CORPORATION, Plaintiff,

v.

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant and Third-Party Plaintiff,

v.

Jerry L. HALVERSON et al., Third-Party Defendants.

No. 76–C–610.

United States District Court, E. D. Wisconsin.

Jan. 28, 1977.

Whyte & Hirschboeck by James W. Mohr, Jr., Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & McNulty by Ward Dunphy, Milwaukee, Wis., for defendant and third-party plaintiff; Peterson, Ross, Rall & Barber by Vincent P. Reilly, Chicago, Ill., of counsel.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

■ The defendant and third party plaintiff Firemen's Insurance Company of Newark, New Jersey, has moved to transfer this action to the United States district court for the southern district of Iowa. None of the other parties has filed any response to this motion. I believe that the motion for transfer should be granted.

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A motion to transfer venue is within the discretion of the district court. *McGraw-Edison v. U. S. Fidelity & Guaranty Co.*, 322 F.Supp. 1049 (E.D.Wis.1971). The movant must show that the requirements of § 1404(a) have been met before such a motion will be granted.

## I. WHERE THE ACTION "MIGHT HAVE BEEN BROUGHT."

The plaintiff's complaint alleges that jurisdiction of this action is founded on diversity of citizenship. 28 U.S.C. § 1332. Under 28 U.S.C. § 1391(a), a diversity action may be brought "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

■ This is an action on a stockbroker's blanket bond issued by the defendant to the plaintiff. The plaintiff seeks recovery for losses resulting from certain allegedly dishonest or fraudulent loan practices engaged in by its employee, Jerry L. Halverson. In his capacity as branch manager of the plaintiff's Marshalltown, Iowa, office, Mr. Halverson allegedly made unauthorized loans and also supplied false information to and withheld information from the plaintiff. Marshalltown, Iowa, located in Marshall county, is within the southern district of Iowa. 28 U.S.C. § 95. It therefore appears that the claims forming the basis of this suit arose in Marshalltown, Iowa, where Mr. Halverson's allegedly fraudulent or dishonest activities originated. Under § 1391(a), the southern district of Iowa, where the "claim arose" is one proper venue for this action. It follows that this action "might have been brought" in that district, within the meaning of § 1404(a).

## II. CONVENIENCE OF PARTIES AND WITNESSES; INTERESTS OF JUSTICE.

The movant's attorney has indicated by affidavit that numerous potential trial witnesses in this action are residents of Iowa. This suggests that the cost of obtaining attendance of witnesses and the availability of compulsory process for attendance of unwilling witnesses both favor transferring the action to Iowa. *Adler v. Avis Rent-A-Car*, 391 F.Supp. 466, 470 (E.D.Wis.1975).

Furthermore, the movant has filed a third party complaint naming as third party defendants persons allegedly involved in transactions with Mr. Halverson. A list of these persons' addresses, supplied by the third party plaintiff, indicates that most of them reside in the southern district of Iowa, a few of them reside in the northern district of Iowa, and none of them resides in the eastern district of Wisconsin.

■ The third party plaintiff suggests that it cannot obtain personal jurisdiction in Wisconsin over any of the proposed third party defendants. Since these persons apparently reside in Iowa, the movant may be able to obtain personal jurisdiction over them if the action is transferred. This is a relevant consideration in determining whether a motion to transfer should be

**64**

granted. *McGraw-Edison Co. v. U. S. Fidelity & Guaranty Co.*, supra, p. 1051.

It appears that the plaintiff, whose principal place of business is in Wisconsin, is the only party with a significant connection with this state. However, this connection becomes less significant in view of the fact that the transactions forming the subject matter of this suit had their genesis in the plaintiff's Marshalltown, Iowa, office.

 The fact that this motion is unopposed lends some support to my belief that it will be more convenient for the parties to continue the litigation in the southern district of Iowa. In view of the considerations detailed above, I am persuaded that the convenience of the parties and witnesses and the interests of justice require that this action be transferred pursuant to 28 U.S.C. § 1404(a) to the United States district court for the southern district of Iowa.

Therefore, IT IS ORDERED that the defendant and third party plaintiff's motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States district court for the southern district of Iowa be and hereby is granted.