**NATIONAL SURETY CORPORATION,**
Plaintiff,

v.

**ROBERT M. BARTON CORPORATION,**
Robert M. Barton, and Judith
Barton, Defendants.

No. CIV–78–0885–D.

United States District Court,
W. D. Oklahoma.

March 21, 1979.

Dwight W. Birdwell, Oklahoma City, Okl., for plaintiff.

John G. Johnson, Midwest City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action seeking to recover from Defendants under an indemnity agreement. It is asserted that this Court has jurisdiction of the action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 and that venue is proper in this Court under 28 U.S.C. § 1391.

Plaintiff alleges that in November, 1972 Barton & Hillock, Inc. entered into a construction contract with the City of Waco, Texas wherein Barton & Hillock, Inc. agreed to perform certain drainage improvements on the lower Primrose Creek in Waco; that Plaintiff, as surety, and Barton & Hillock, Inc., as principal, executed performance and payments bonds covering Barton & Hillock, Inc.'s contract with the City of Waco; that Defendants executed a General Indemnity Agreement agreeing to indemnify and hold Plaintiff harmless from any liability, loss or expense on these bonds; and that Barton & Hillock, Inc. defaulted in performing its obligations under its contract with the City of Waco and failed to pay several bills incurred in the performance of its contractual obligations, causing Plaintiff to suffer a loss of $194,000. It brings this action seeking to recover a judgment in the amount of its loss, plus attorney fees and expenses.

The matter is now before the Court on Defendants' Motion for Change of Venue for Convenience of Witnesses and in the Interest of Justice. Defendants have filed a brief and affidavit in support of their Motion and Plaintiff has filed a brief and affidavits in opposition to the same.

Defendants move the Court to transfer this case to the United States District Court for the Western District of Texas, Waco Division (hereinafter referred to as the "transferee district"). They contend that the subject matter of this action arises out of and in connection with transactions which occurred within the transferee district and that a trial of this case in that district would be for the convenience of the parties and witnesses and in the interest of justice.

In opposition to Defendants' Motion, Plaintiff asserts that Defendants have not sufficiently shown that this case should be transferred to the transferee district.

The transfer of pending civil cases from one judicial district to another is governed by 28 U.S.C. § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and ex-

pense. *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

■ A transfer under § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.,* 467 F.2d 662, 664 (Tenth Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300, 305 (Tenth Cir. 1971), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (Tenth Cir. 1967); *Houston Fearless Corp. v. Teter,* 318 F.2d 822, 828 (Tenth Cir. 1963). The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Texas Gulf Sulphur Co. v. Ritter, supra; Houston Fearless Corp. v. Teter, supra,* 318 F.2d at 827–28.

■ Although a large measure of deference is due the Plaintiff's freedom to select its forum and significant weight should be given such choice in considering the transfer of the case to another district, *see Shutte. v. Armco Steel Corp.,* 431 F.2d 22, 25 (Third Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439, 444 (Second Cir. 1966), this factor has reduced value where, as in this case, there is an absence of any significant contact by the forum state with the Plaintiff or the transactions or conduct underlying the cause of action. *See, e. g., Chicago, Rock Island & Pacific Railroad Co. v. Igoe,* 220 F.2d 299, 304 (Seventh Cir. 1955), *cert. denied,* 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Lee v. Ohio Casualty Insurance Co.,* 445 F.Supp. 189, 192 (D.Del.1978); *Foster v. Litton Industries, Inc.,* 431 F.Supp. 86, 87 (S.D.N.Y.1977); *Bridgeman v. Bradshaw,* 405 F.Supp. 1004, 1007 (D.S.C.1975);

*Adler v. Avis Rent-A-Car System, Inc.,* 391 F.Supp. 466, 469 (E.D.Wis.1975); *Brindle v. Chesapeake & Ohio Railway Co.,* 357 F.Supp. 1116, 1118 (N.D.Ill.1973); *Lowry v. Chicago, Rock Island & Pacific Railroad Co.,* 293 F.Supp. 867, 868 (W.D.Okl.1968); *Koeneke v. Greyhound Lines, Inc.,* 289 F.Supp. 487, 490 (W.D.Okl.1968). In the instant case, it appears that Plaintiff is a New York insurance corporation and that the Defendants are all citizens of this judicial district. The transactions underlying the action occurred in Texas.

■ The initial concern of the Court in a § 1404(a) proceeding is whether the action might have been brought in the first instance in the transferee district. *See Hoffman v. Blaski,* 363 U.S. 335, 340–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). As Defendants assert in their Motion that this action involves transactions occurring within the transferee district, and Plaintiff has not disputed this, the Court will assume that the Plaintiff's claim arose in the transferee district so that this action could have been brought in that district pursuant to 28 U.S.C. § 1391(a).

§ 1404(a) establishes three general criteria upon which a transfer motion is to be determined: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interest of justice.

The first criteria that the Court must consider under § 1404(a) is the convenience of the parties. In moving for a change of venue in this case, Defendants contend that they will be "extremely inconvenienced" if they are required to defend this action in this forum while Plaintiff will encounter "minimal inconvenience" in the prosecution of the action in the transferee district. Defendants assert that substantially all of the books, records, documents and exhibits in connection with this case are located in the transferee district and that it would be unduly burdensome and expensive for them to produce the same in this Court.

Plaintiff responds that Defendants' unsupported conclusion that a change of venue would be more convenient for the parties is without merit. It argues that Defend-

ants have neither stated the factual basis as to why a trial in the transferee district would be more convenient than a trial in this Court nor indicated what records, books, exhibits and other documents are involved and the materiality and relevancy of those documents.

■ The factors considered by the Court when giving effect to the convenience of the parties include (1) the contact or lack of contact which the parties have with alternate forums; (2) the location of parties and employees of parties who will be examined before trial or called as witnesses; and (3) the location of documents which must be used or produced by the parties before or at trial. *DeLay & Daniels, Inc. v. Allen M. Campbell Co.*, 71 F.R.D. 368, 372 (D.S.C. 1976). When these factors are taken into account, the preponderance of convenience is clearly in favor of the transferee district.

■ The location of records and documents may be of primary importance in this action. The determination as to whether Barton & Hillock, Inc. defaulted under the construction contract, and if so, the amounts to which Plaintiff is entitled to by reason of such default, will require documentation and knowledgeable witnesses. These records and documentation and witnesses appear to be located in the transferee district.

Transferring this case to the transferee district would not merely shift the inconvenience from one party to the other. Plaintiff indicates that the facts that it must prove in this action are (1) due execution of the indemnity agreement; (2) a breach of the agreement; and (3) loss or damage resulting therefrom. The first issue will not require the testimony, to any great extent, of any of Plaintiff's employees. The other two issues would be determined more conveniently in the transferee district where the records are kept and the witnesses are located. It appears that Plaintiff will encounter minimal inconvenience in the prosecution of its action in the transferee district.

Conversely, it would seem that Defendants would be extremely inconvenienced if they were required to defend this action in this forum. The issues presented are primarily factual in nature, requiring documentation and witnesses which are located in Texas. The cost of defending this action in this district would therefore unduly increase the Defendants' expenses, while transfer to the transferee district would only minimally increase those of the Plaintiff.

The second factor to be considered under § 1404(a) is the convenience of the witnesses. Matters relating to the availability of evidence and witnesses and the expenses of procuring their production or attendance are important factors to be considered in determining whether a transfer is justified under § 1404(a). Annot., Questions as to convenience and justice of transfer under forum non conveniens provision of judicial code (28 U.S.C. § 1404(a)), 1 A.L.R.Fed. 15, § 3 (1969). The convenience of witnesses is not weighed from the standpoint of greater number of witnesses involved, but from consideration of the nature or materiality of the testimony to be offered by prospective witnesses. *E. g., Chicago, Rock Island & Pacific Railroad Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 588 (Tenth Cir. 1956).

In support of their Motion for Change of Venue, Defendants' attorney has submitted an affidavit stating that there are 13 prospective witnesses whose testimony will be material and necessary to the defense of this action. All of these witnesses are Texas residents, and 11 of the 13 are within the range of compulsory process of the transferee district. The affidavit sets forth the general areas of the expected testimony of those witnesses. Defendants contend that these witnesses would be greatly inconvenienced by a trial of this case in this forum.

Plaintiff argues that Defendants have not sufficiently shown that the requested transfer would be for the convenience of the witnesses as Defendants have not stated which of their witnesses are key witnesses, the relevancy and materiality of their testimony or which witnesses will be una-

vailable to testify at a trial in this forum. Plaintiff submits affidavits from seven of the 13 witnesses listed by Defendants wherein the seven prospective witnesses attest that they would voluntarily travel to Oklahoma City to testify in this action. Plaintiff's attorney has submitted an affidavit indicating that he has been informed that three other witnesses listed by Defendants may presently be or at one time were employed by or closely connected with Defendant Robert M. Barton Corporation.

The Court finds that the convenience of the witnesses in this action is a compelling reason for transfer of the case to the transferee district. All of the identified witnesses in this case reside in Texas. Some of these are outside witnesses who will testify as to various matters with regard to the performance of the construction contract involved herein. If the case is tried in Oklahoma City, Defendants will not be able to compel these witnesses to attend the trial and to give testimony. If these witnesses should agree to testify, it would be much more convenient for them to be able to testify at a trial in the transferee district. The affidavit of Defendants' attorney indicates that the convenience of the overwhelming number of material witnesses, both quantitatively and qualitatively, would best be served by transfer of this action to the transferee district.

The third factor under § 1404(a) is the interest of justice. Under this standard, there should be considered the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 508, 67 S.Ct. at 843; *Chicago, Rock Island & Pacific Railroad Co. v. Igoe, supra*, 220 F.2d at 303.

In support of their Motion, Defendants contend that the proposed transferee forum is the work situs of the subject matter of the lawsuit and is where the most significant contacts occurred in the controversy;

that in a trial in this forum, neither party would be able to utilize the Court's subpoena powers to compel the attendance of important outside witnesses; that this case will involve determination of various questions of Texas law with which the courts in Texas are more familiar; and that substantially all of the books, records, documents, witnesses and exhibits in connection with this case are located in the transferee district.

Plaintiff responds that Defendants' conclusion that the requested transfer would be in the interest of justice is insufficient to overcome the great weight Plaintiff is entitled to in its choice of forum; that no issues have been raised which will involve a determination of Texas law; and that Defendants have not set forth what books, records and other exhibits are located in Texas and which are material and relevant to this action.

There are several factors involved in this case which favor a transfer of this case to the transferee district in the interest of justice. First, there would be greater access to the sources of proof. Second, there would be a greater availability of compulsory process for unwilling witnesses. Third, it would involve far less expense in obtaining the attendance of willing witnesses. Fourth, the events giving rise to this action took place in the transferee district.

The Western District of Texas, Waco Division, is a forum in which this action might have been brought. Based upon the foregoing consideration of the circumstances of this case and an application of the triple standard of 28 U.S.C. § 1404(a), i. e., the convenience of parties, convenience of witnesses, and the interest of justice, the Court finds and concludes that Defendants have sufficiently established that the trial of this action would more conveniently proceed and that the interest of justice would be better served in the Western District of Texas, Waco Division. Accordingly, Defendants' Motion for Change of Venue is granted and the Clerk of this Court is directed to effect the transfer of this case to the United States District Court for the

Western District of Texas, Waco Division, without delay.