Maurie Lynn McALISTER, Plaintiff,

v.

GENERAL AMERICAN LIFE INSUR-
ANCE COMPANY and Priscilla
Perkins, Defendants.

No. CIV–80–529–D.

United States District Court,
W. D. Oklahoma.

Dec. 30, 1980.

John A. Green, Oklahoma City, Okl., for plaintiff.

John C. Harrington, Jr., Oklahoma City, Okl., for defendant General American Life Insurance Co.

Sandra R. Peebles, Houston, Tex., and Ben Goff, Oklahoma City, Okl., for defendant Priscilla Perkins.

## ORDER

DAUGHERTY, Chief Judge.

This is an action by Plaintiff to collect $44,725.70 allegedly owed Plaintiff by Defendant, General American Life Insurance Company (General American), pursuant to a policy of insurance, policy number MCP–7533, insuring the life of Philip David McAlister, who is the former husband of Defendant Priscilla Perkins (Perkins) and is now deceased. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. Defendant Perkins has filed herein a "Motion of Defendant to Dismiss for Lack of Jurisdiction, to Quash Service and to Dismiss for Improper Venue, or in Lieu thereof for Change of Venue," a "Motion to Quash," and a "Motion of Defendant to Dismiss Co-Defendant's Cross Claim for Lack of Jurisdiction, or, in the Alternative for Change of Venue." Plaintiff has filed a Motion that the Court deposit into an interest-bearing renewable thirty-day certificate of deposit the sum of $44,725.70, said sum having been paid into the Court by Defendant General American with its Counterclaim and Cross-Claim in Interpleader. All of said Motions are supported by Briefs and the opposing parties have filed responses thereto. The Court finds Defendant Perkins' Motion to transfer the instant action to the United States District Court for the Southern District of Texas should be granted. Therefore, it is unnecessary for this Court to rule on the remaining motions filed herein.

In support of her request that the instant action be transferred, Defendant Perkins has submitted an affidavit stating that she is a resident of Dickinson, Texas; that she was born in the State of Texas; and that she has resided there all her life except for the period of time between February 14, 1977 and August 1, 1978. Perkins married the deceased on February 12, 1977 in Dickinson, Texas. On August 1, 1978, the deceased began his employment with Southwestern Bell Telephone Company in Houston, Texas. As part of the compensation of deceased he was insured against loss of life under group insurance policy No. MCP–7533 issued by General American. The deceased named Perkins as primary beneficiary under said policy. On October 18, 1979, Perkins and the deceased were divorced in Houston, Texas in Cause No. 79–32722 in the 246th Family District Court of Harris County, Texas. On March 7, 1980, the deceased died as a result of an automobile accident in Houston, Texas. Perkins is presently a full-time undergraduate student at the University of Houston. In her Briefs filed herein, Defendant Perkins has alleged that she would suffer a great deal of inconvenience and a substantial financial and personal burden if the instant case were not

transferred. Furthermore, Perkins alleges that she intends to subpoena the deceased's attorney, Mr. Richard Mintz, who can testify to facts relevant to the deceased's knowledge and intent in his continued designation of Perkins as primary beneficiary of the policy in question after the divorce was granted. Mr. Mintz resides within the Southern District of Texas and is unwilling to voluntarily appear on behalf of Perkins. Plaintiff has alleged that other than the parties very few, if any, witnesses will be used in the case. It is further alleged by Perkins and General American that there is presently pending in the Southern District of Texas a suit involving Perkins and General American which involves the same subject matter as in the instant case. All parties agree that the laws of Texas would govern the instant action as all the relevant events occurred in Texas.

■ All of these allegations are undisputed among the parties involved herein. In determining a motion to transfer the Court can accept as true the allegations of the parties which do not directly conflict. *See Bussey v. Safeway Stores, Inc.*, 437 F.Supp. 41 (E.D.Okl.1977).

The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

First this Court must determine if the instant action could have been brought in the Southern District of Texas. Venue is governed by 28 U.S.C. § 1391 which reads in part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

Under the undisputed facts set out above the claim involved herein obviously arose in Houston, Texas. Perkins and the deceased resided in Houston; the policy in question was issued in Houston pursuant to deceased's employment in Houston; Perkins and the deceased were divorced in Houston; the deceased was killed in Houston; and Perkins presently resides just outside of Houston. The Southern District of Texas includes Houston. Therefore, the instant action might have been brought in the Southern District of Texas.

■ The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

■ A transfer under § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (10th Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (10th Cir. 1971), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (10th Cir. 1967); *Houston Fearless Corp. v. Teter*, 318 F.2d 822 (10th Cir. 1963). The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Texas Gulf Sulphur Co. v. Ritter, supra; Houston Fearless Corp. v. Teter, supra.*

■ The first factor under § 1404(a) that the Court must consider is the convenience of the parties. A large measure of deference is due the Plaintiff's freedom to select her forum and significant weight should be given such choice in considering the transfer of the case to another district. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3rd Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *A. Olinick*

& Sons v. Dempster Brothers, Inc., 365 F.2d 439 (2nd Cir. 1966). However, this factor has reduced value where, as in this case, there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action. See Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299 (7th Cir. 1955), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); Foster v. Litton Industries, Inc., 431 F.Supp. 86 (S.D. N.Y.1977); Bridgeman v. Bradshaw, 405 F.Supp. 1004 (D.S.C.1975); Adler v. Avis Rent-A-Car System, Inc., 391 F.Supp. 466 (E.D.Wis.1975); Brindle v. Chesapeake & Ohio Railway Co., 357 F.Supp. 1116 (N.D.Ill. 1973); Lowry v. Chicago, Rock Island and Pacific Railway Co., 293 F.Supp. 867 (W.D. Okl.1968); Koeneke v. Greyhound Lines, Inc., 289 F.Supp. 487 (W.D.Okl.1968).

■ In the instant case, Plaintiff is a resident of this District while Defendant Perkins resides in the Southern District of Texas where she is a full-time student. Perkins is not employed except as a tutor at school. The financial burden of defending this case in Oklahoma would be magnified as to Defendant Perkins due to her current employment status. Defendant General American is a Missouri corporation that apparently does business in Texas as the insurance policy in question was issued to the deceased in Houston as a result of his employment. Obviously it would be convenient for the Plaintiff to maintain her action in this District as she is a resident here, but as Perkins is not presently employed and more importantly as there is an absence of any significant contact by this Court with the transactions underlying the cause of action, the Court concludes that the convenience of the parties would favor the transfer of this case to the Southern District of Texas.

■ The second factor under § 1404(a) is the convenience of the witnesses. Neither Plaintiff nor Defendants have submitted affidavits that show the number of prospective witnesses and the location of their residences. Plaintiff has, however, alleged that her witnesses will only include the parties to this action and Perkins has alleged that she will subpoena Richard Mintz, the deceased's attorney, who resides in the Southern District of Texas and that Mr. Mintz is unwilling to travel to Oklahoma. Furthermore, in view of the nature of this case and the fact that all relevant transactions occurred in Houston, Texas, it appears that most of the witnesses in this action would reside in Houston, Texas, or be parties to this action. Therefore, the Court concludes that the convenience of witnesses favors transfer of this case to the Southern District of Texas.

■ The third standard under 28 U.S.C. § 1404(a) is the interest of justice. Under this standard, there should be considered the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. See Gulf Oil Corp. v. Gilbert, supra; Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra. Furthermore, the place in which significant contacts between the parties occurred should be considered as the appropriate forum for trial. Commercial Solvents Corp. v. Liberty Mutual Ins. Co., 371 F.Supp. 247 (S.D.N.Y. 1974).

■ In the instant case it is obvious that all relevant transactions in this case occurred in the Southern District of Texas. Texas law would more than likely be controlling in this case. Therefore, the Court concludes that the interest of justice favors the transfer of this case to the Southern District of Texas.

Based upon the foregoing consideration of the circumstances in this case and an application of the triple standard of 28 U.S.C. § 1404(a), i. e., the convenience of parties, convenience of witnesses, and the interest of justice, the Court finds and concludes that Defendant Perkins has sufficiently established that the trial of this action would more conveniently proceed and the interest of justice would be better

served in the Southern District of Texas. Accordingly, Defendant Perkins' "Motion of Defendant to Dismiss for Lack of Jurisdiction, to Quash Service and to Dismiss for Improper Venue, or in Lieu thereof for Change of Venue," and her "Motion of Defendant to Dismiss Co-Defendant's Cross Claim for Lack of Jurisdiction, or, in the Alternative, for Change of Venue" are granted insofar as said Motions request a change of venue and the Clerk of this Court is directed to effect the transfer of this case and the remaining Motions which pend to the United States District Court for the Southern District of Texas and do so without delay.