**Mary D. POPE, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, a Foreign Corporation, Defendant.**

**No. CIV–77–1064–D.**

United States District Court,
W. D. Oklahoma.

Jan. 11, 1978.

**448**

John L. Clifton, Shawnee, Okl., for plaintiff.

William K. Powers, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action wherein Plaintiff seeks to recover damages allegedly incurred as a result of the death of Plaintiff's husband which occurred when his car and one of Defendant's trains collided at a railroad crossing located near Neodesha, Kansas. It is asserted that the Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a Motion to Dismiss or in the Alternative to Transfer and a Brief in support thereof. Plaintiff has filed both a Response and a Brief in opposition to said Motion. The Court will consider each portion of Defendant's Motion separately.

## MOTION TO DISMISS

Pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure, Defendant moves the Court to dismiss this action on the ground of improper venue. In support of its Motion, Defendant contends that although it is licensed to do business in Oklahoma, it is not doing business within the Western District of Oklahoma. Plaintiff contends that under 28 U.S.C. § 1391(c), a corporation licensed to do business in a state is a resident of all the districts of said state for venue purposes; and that as Defendant has a traffic or freight solicitor located in Oklahoma City who solicits shippers for Defendant, Defendant is doing business within this District.

The correct basis for venue in this action is set out in 28 U.S.C. § 1391 which provides in pertinent part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

.    .    .    .    .

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

This latter section has been held to constitute the definition of corporate "residence" applicable in determining same under the diversity venue provisions of § 1391(a). *Pure Oil Co. v. Suarez*, 384 U.S. 202, 204–205, 86 S.Ct. 1394, 16 L.Ed.2d 474, 476 (1966); *Radiation Researchers, Inc. v. Fischer Industries, Inc.*, 70 F.R.D. 561, 564 (W.D.Okl.1976). In the instant case, Defendant claims that it is a Missouri corporation licensed to do business in Oklahoma but is actually doing business only in the Eastern and Northern Districts of Oklahoma. However, for venue purposes, a corporation is a resident of any district in which it is incorporated, licensed to do business or is doing business. *First Security Bank of Utah v. Aetna Casualty and Surety Co.*, 541 F.2d 869, 872 (Tenth Cir. 1976). Therefore, as Defendant is licensed to do business in Oklahoma and there is nothing before the Court to indicate that Defendant's authority to transact business in Oklahoma is not state-wide in effect, the Court finds and concludes that Defendant resides in all three judicial districts of Oklahoma for purposes of establishing venue. Accordingly, venue is proper in this Court under 28 U.S.C. § 1391 and Defendant's Motion to Dismiss should be overruled.

### MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), Defendant moves to have this matter transferred to the United States District Court for the District of Kansas. In support of its Motion, Defendant contends that all witnesses except Plaintiff are located in Kansas and that as the accident giving rise to this action occurred in Kansas, Kansas law is applicable.

■ The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945, 950 (1964); *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540, 1545 (1960).

■ A transfer under § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662, 664 (Tenth Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300, 305 (Tenth Cir. 1971), cert. denied, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (Tenth Cir. 1967); *Houston Fearless Corp. v. Teter*, 318 F.2d 822, 828 (Tenth Cir. 1963). The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Texas Gulf Sulphur Co. v. Ritter, supra; Houston Fearless Corp. v. Teter, supra* at 827–28.

■ The initial concern of the Court in a § 1404(a) proceeding is whether the action might have been brought in the first instance in the transferee district. *See Continental Grain Co. v. Barge FBL–585, supra*, 364 U.S. at 20–23, 80 S.Ct. at 1472–1473, 4 L.Ed.2d at 1542–43; *Hoffman v. Blaski*, 363 U.S. 335, 340–44, 80 S.Ct. 1084, 1088–1090, 4 L.Ed.2d 1254, 1260–62 (1960). As it is not disputed in this case that Defendant operates a railroad line located partly within the District of Kansas, Defendant is obviously doing business within said District. Therefore, Defendant is a resident of the District

of Kansas under 28 U.S.C. § 1391(c) and this action could have been brought in said district under 28 U.S.C. § 1391(a).

The first factor under § 1404(a) that the Court must consider is the convenience of the parties. A large measure of deference is due the Plaintiff's freedom to select his forum and significant weight should be given such choice in considering the transfer of the case to another district. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (Third Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439, 444 (Second Cir. 1966). However, this factor has reduced value where, as in this case, there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action. *See Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 304 (Seventh Cir. 1955), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Foster v. Litton Industries, Inc.*, 431 F.Supp. 86, 87 (S.D.N.Y.1977); *Bridgeman v. Bradshaw*, 405 F.Supp. 1004, 1007 (D.S.C. 1975); *Adler v. Avis Rent-A-Car System, Inc.*, 391 F.Supp. 466, 469 (E.D.Wis.1975); *Brindle v. Chesapeake & Ohio Railway Co.*, 357 F.Supp. 1116, 1118 (N.D.Ill.1973); *Lowry v. Chicago, Rock Island and Pacific Railroad Co.*, 293 F.Supp. 867, 868 (W.D.Okl. 1968); *Koeneke v. Greyhound Lines, Inc.*, 289 F.Supp. 487, 490 (W.D.Okl.1968).

In the instant case, Plaintiff is a resident of this District while the Court has determined above that Defendant resides in both this District and the District of Kansas. Therefore, the Court is unable to conclude that the convenience of the parties warrants that this case be transferred to the District of Kansas.

The second factor under § 1404(a) is the convenience of the witnesses. In this regard, Defendant has submitted an affidavit by its attorney which names at least ten prospective witnesses Defendant will call to testify at the trial of this case,[1] their residences and the subject of their testimony. All of these prospective witnesses are Kansas residents. Plaintiff has also submitted an affidavit by her attorney which states that Plaintiff is a resident of Tecumseh, Oklahoma, and that she has engaged an expert witness who lives in Shawnee, Oklahoma, to testify concerning the relative speeds of Defendant's train and the car driven by Plaintiff's husband at the time of the accident. Plaintiff has not stated whether she plans to call any other witnesses at the trial of this action.

It appears that the only connection this District has with this case is that Plaintiff resides here. On the other hand, the record in this case indicates that the accident giving rise to Plaintiff's action occurred in Kansas and that all of the prospective witnesses are located in Kansas with the exception of Plaintiff and Plaintiff's expert witness for whom travel and expense are customary. If the case is tried in this District, Defendant will not be able to compel its witnesses to attend the trial and give testimony. As the Supreme Court stated in *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 511, 67 S.Ct. at 844, 91 L.Ed. at 1064:

> "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."

Even if these witnesses should voluntarily agree to testify, it would be much more convenient for them to be able to testify at a trial in Kansas. Accordingly, the Court concludes that the convenience of the witnesses would favor the transfer of this case to the District of Kansas.

The third factor under § 1404(a) is the interest of justice. Under this standard, the Court should consider the relative ease of access to sources of proof; availability of

---

1. In addition to the ten prospective witnesses specifically named, the affidavit states that Defendant will also call "[r]esidents of the community who will testify that a motorist's view of the crossing and of a train itself in a vehicle from the north, as was this decedent, is good and that a train is easily visible."

compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and all other practical problems that make trial of a case easy, expeditious and inexpensive. See *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062; *Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra* at 303. There are several factors involved in this case which favor a transfer to the District of Kansas in the interest of justice. First, there would be greater access to the sources of proof. Second, there would be a greater availability of compulsory process for unwilling witnesses. Third, it would involve far less expense in obtaining the attendance of willing witnesses. Fourth, the accident giving rise to this action took place in Kansas.

Based upon the foregoing consideration of the circumstances in this case and an application of the triple standard of 28 U.S.C. § 1404(a), i.e., the convenience of parties, convenience of witnesses, and the interest of justice, the Court finds and concludes that the Defendant has sufficiently established that the trial of this action would more conveniently proceed and the interest of justice would be better served in the District of Kansas. Accordingly, the Clerk of this Court is directed to effect the transfer of this case to the United States District Court for the District of Kansas without delay.

It is so ordered this 11th day of January, 1978.