**Lori CUNNINGHAM, Plaintiff,**

v.

**Robert M. CUNNINGHAM, Defendant.**

**No. 78 C 1001.**

United States District Court,
N. D. Illinois, E. D.

Sept. 26, 1979.

Robert Gonnella, Elmhurst, Ill., for plaintiff.

Walter H. Djokic, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Lori Cunningham ("plaintiff") brought suit in the Northern District of Illinois against Robert Cunningham ("defendant") for injuries arising out of a shooting incident in Van Buren County, Michigan, in 1972. Plaintiff is a resident of Illinois and the Northern District, and the defendant resides in the Western District of Michigan. The shooting occurred in Michigan during a weekend when plaintiff was visiting the defendant pursuant to a court order involving visitation rights.

Defendant has filed a motion under 28 U.S.C. § 1404(a) for an order to transfer this action to the U.S. District Court for the Western District of Michigan. 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might· have been brought.

This provision is designed to prevent waste of time, energy, and money, as well as to protect litigants, witnesses, and the public against inconvenience and expense. *Continental Grain Co. v. The FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). The issue before the Court is whether this action should be transferred to the Western District of Michigan.

The decision to transfer lies within the sound discretion of the trial judge. *Houston Fearless Corp. v. Teter,* 318 F.2d 822 (10th Cir. 1963); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.,* 467 F.2d 662 (10th Cir. 1972). The moving party has the burden of proving that the suit should be transferred, and must establish that the balance weighs strongly in favor of the proposed transferee-district. *Wm. A. Smith, supra,* at 664; *Houston, supra,* at 827–828.

A 1404(a) motion to change venue is analyzed and determined by a two-step process. First, assuming that venue is proper in the transferor-court, the court must have the power to transfer the case. 1404(a) requires that the proposed transferee-court be a district "where it might have been brought." If the original and proposed districts are found to be proper, the second step under 1404(a) is to determine that the transfer is for the "convenience of parties and witnesses, in the interest of justice."

## I. VENUE GENERALLY

In a diversity action, proper jurisdiction under 28 U.S.C. § 1391(a) lies only in those judicial districts where all plaintiffs or all defendants reside, or where the claim arose. Applied to the facts in this case, venue would be proper in either the Northern District of Illinois (where the plaintiff resides) or the Western District of Michigan (where the defendant resides and where the injury occurred). In addition, the proposed transferee-court will be proper only if it has jurisdiction over the subject matter of the case. In this situation, the basis is diversity of citizenship. The last element necessary for transfer is that the defendant must be amenable to process issued by the transferee-court (personal jurisdiction). *See American Telephone & Telegraph Company v. Milgo Electronic Corporation,* 428 F.Supp. 50 (S.D.N.Y.1977). The defendant in this action, being a resident of Michigan, is amenable to process. Since the case could have been brought originally in either the transferor or transferee district, this Court does have the power to transfer the case to the Western District.

## II. 1404(a) REQUIREMENTS FOR TRANSFER

### A. Convenience of the Parties

The first element to be considered under 1404(a) is whether the proposed change is for the convenience of the parties. The plaintiff's choice of a forum is entitled to substantial consideration in the decision to transfer, although less with respect to a motion to transfer under 1404(a) than with a motion to dismiss for *forum non conveniens. A. Olinick & Sons v. Dempster Bros.,* 365 F.2d 439 (2d Cir. 1966); *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1970). "However, this factor has reduced value where . . . there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action." *Pope v. Missouri Pacific Railroad Company,* 446 F.Supp. 447 (W.D. Okl.1978).

Plaintiff in this action is a resident of the Northern District of Illinois, and the defendant is a resident of Michigan's Western District. There are no other factors which affect the two parties themselves. Thus, there is no reason to transfer the case solely for the convenience of the parties.

### B. Convenience of the Witnesses

In this action, plaintiff and her expert witness appear to be the only witnesses actually living in Illinois. Neither is the type of witness who is likely to be reluctant to testify. Therefore, there is no need for compulsory process. The other witness who resides in Illinois is also an occurrence witness, but is presently stationed in the mili-

tary at San Diego, California. This witness must travel from California to testify regardless of where the case is heard.

The defendant has asserted, apparently contrary to the plaintiff's knowledge, that there are additional occurrence witnesses who all reside in Michigan. Furthermore, there are other material witnesses who would be unlikely to appear and testify unless served with a subpoena under Rule 45(e) Fed.R.Civ.P. These include the treating physician at the time of the injury, the paramedics, and the investigating officers at the scene. All these witnesses are physically located in Michigan but the medical personnel are outside the jurisdictional limits of the Northern District. Thus, the medical witnesses cannot be compelled to testify if the trial is held in Illinois.

> Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511, 67 S.Ct. 839, 884, 91 L.Ed. 1055 (1947).

Even if all the witnesses expected to testify at trial would do so voluntarily, most do live in Michigan, and a trial there would be more convenient for these witnesses. The plaintiff asserts that the difference in mileage is 170 miles for the plaintiff to travel to Michigan but only 100 for the defendant to go to Illinois. This must be balanced against the need of the defendant to have his witnesses testify at trial. In addition, the defendant's witnesses are ap-parently of the type who would not voluntarily travel to Illinois; whereas, the plaintiff's expert witness would be expected to voluntarily appear if this case was transferred to Michigan.

Given the facts in this case, the convenience of the witnesses would best be served by a transfer of the case to the Western District of Michigan.

### C. Interest of Justice

The final factor to be considered under a 1404(a) motion is whether the transfer is in the interest of justice. The Supreme Court has listed the factors which are to be considered in a *forum non conveniens* case:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Lower federal court cases have applied these factors to 1404(a) cases as well.[1] *Pope, supra,* at 450–451. The court in *Pope*, dealing with facts very similar to this case,[2] found that the case should be transferred to Kansas in the interest of justice:

> First, there would be greater access to the sources of proof. Second, there would be a greater availability of compulsory process for unwilling witnesses.

---

1. The Tenth Circuit, in *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967) enlarged on the factors that are relevant. The court said that in a 1404(a) motion the circumstances of each particular case must be evaluated by the trial judge, with emphasis on (1) the plaintiff's choice of forum, (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses, (3) the cost of making the necessary proof, (4) questions as to the enforceability of a judgment if one is obtained, (5) difficulties that may arise from congested dockets, (6) the possibility of the existence of questions arising in the area of conflict of laws, (7) the advantage of having a local court determine questions of local law, and (8) all other considerations of a practical nature that make a trial easy, expeditious and economical.

2. In *Pope v. Missouri Pacific Railroad Company*, 446 F.Supp. 447 (W.D.Okl.1978), plaintiff lived in Oklahoma where the original suit was brought, defendant corporation was a resident of both Oklahoma and Kansas, the cause of action arose in Kansas, all the witnesses were in Kansas except for plaintiff's expert witness from Oklahoma, and the defendants' witnesses in Kansas were not amenable to Oklahoma compulsory process.

Third, it would involve far less expense in obtaining the attendance of willing witnesses. Fourth, the accident giving rise to this action took place in Kansas. *Pope, supra,* at 451.

Applying these criteria to the instant situation, it is clear that the interests of justice would be served by transfer. The incident giving rise to the injury occurred in Michigan. If the suit is heard in Illinois, many of the witnesses might not testify since they would not be subject to compulsory process; whereas, the witnesses outside Michigan's process would be likely to appear without such compulsion. Since it is now seven years since the occurrence, easier access to a viewing of the site for evidentiary purposes is not an important factor in deciding this motion. Nevertheless, the site of the injury is in Michigan. Hospital and other related reports concerning the injury at the time it happened are all in Michigan. Thus, there would be greater access to these sources of proof if the trial is held in Michigan.

The defendant has sustained his burden of establishing that the case should be transferred to Michigan. The initial choice of a forum by the plaintiff has been overcome by both the interest of justice and the convenience of the witnesses. Both of these elements will be better served if this cause of action is tried in Michigan. Accordingly, the Clerk of this Court is directed to transfer this case to the United States District Court for the Western District of Michigan. It is so ordered.