**GALLERY HOUSE, INC., Plaintiff,**

**v.**

**Alan YI, d/b/a Capital Trading Company, and Joy's Clock Shop, Ltd., Defendants.**

**No. 84 C 1425.**

United States District Court, N.D. Illinois, E.D.

July 18, 1984.

Bruce S. Sperling, Peter C. Warner, Sperling, Slater & Spitz, Chicago, Ill., for plaintiff.

James T. FitzGibbon, Angelo J. Bufalino, James T. Fitzgibbon, P.C., Chicago, Ill., Michael W. Bocianowski, Christensen, O'Connor, Johnson & Kindness, Seattle, Wash., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendants' motion to transfer this case to the District Court for the Western District of Washington at Seattle, Washington pursuant 28 U.S.C. § 1404(a). For the reasons stated herein, defendants' motion to transfer is denied.

### I.  FACTS

The following facts are set forth in the complaint filed by plaintiff Gallery House on February 15, 1984, and affidavits submitted by the parties.

Plaintiff Gallery House, Inc. ("Gallery House"), an Illinois corporation with its principal place of business in Chicago, Illinois, is in the business of designing and marketing brass statues on a nationwide basis. Defendant Capital Trading Company ("Capital") is a sole proprietorship owned and operated by Alan Yi, an individual having offices in Redmond, Washington. Capital is an importer and nationwide distributor of brass statues and other

works of art. Defendant Joy's Clock Shop, Ltd. ("Joy's"), an Illinois corporation with its principal place of business in Chicago, Illinois, is a retail outlet offering items for sale to the public.

Gallery House brings this action to recover damages for Capital and Joy's alleged infringement of the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* Capital purchases brass statutes made by Keang Nam Brassware Company ("Keang Nam") of Seoul, South Korea. Keang Nam formerly manufactured copyrighted brass statues sold by Gallery House under the trade name "Dolbi-Cashier." The statues in question sold by Capital are indistinguishable from statues sold by Gallery House. Gallery House claims to own copyrights on the statues in issue.

During the week of January 30, 1984, Mr. Alan Yi, owner and operator of Capital, attended the Chicago Gift Show held in Chicago, Illinois. At the show, Capital distributed its catalog containing pictures of the alleged infringing works, offered those items for sale, and sold certain items to the trade and purchasing public. Two items were sold and delivered to Joy's, which Joy's in turn sold to the purchasing public.

On February 17, 1984, pursuant to motion, this Court entered a temporary restraining order enjoining Capital and Joy's from further sale, offering for sale and distribution of the alleged infringing works. On March 26, 1984, this Court granted plaintiff's motion for a preliminary injunction enjoining Capital and Joy's from selling, offering for sale, advertising or displaying the alleged infringing items. On April 20, 1984, Capital filed a notice of appeal in the United States Court of Appeals for the Seventh Circuit. Prior to that filing, on April 9, 1984, Capital filed a motion to transfer venue to the Western District of Washington under 28 U.S.C. § 1404(a).

## II. DISCUSSION

Capital requests transfer to the Western District of Washington at Seattle, Washington under 28 U.S.C. § 1404(a). Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision to transfer venue lies within the sound discretion of the district court judge. *Cunningham v. Cunningham,* 477 F.Supp. 632, 634 (N.D.Ill. 1979). Although § 1404(a) evolved out of the doctrine of forum non conveniens, the scope of a district court's discretion is broader than under the common law. *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Brown v. Grimm,* 624 F.2d 58 (7th Cir.1980). The party seeking transfer has the burden of proving transfer is proper and must establish that the balance weighs strongly in favor of the transferee's district. *Cunningham,* 477 F.Supp. at 634; *Cinema Systems, Inc. v. Lab Methods Corp.,* 545 F.Supp. 403 (N.D. Ill.1982).

In order to show that transfer of venue is proper under 28 U.S.C. § 1404(a), the moving party must establish that (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer is for the convenience of parties and witnesses and in the interest of justice. *Midwest Precision Services v. PTM Industries,* 574 F.Supp. 657, 659 (N.D.Ill.1983).

### A. *Proper Venue in Transferor District*

Venue is proper in the transferor district, the Northern District of Illinois, as to defendants Capital Trading Co. and Joy's Clock Shop. Although Capital implies that venue as pertains to it is "tenuous at best," Capital does not dispute this Court's determination of proper venue pursuant to 28 U.S.C. § 1391 and § 1400(a).

Section 1400(a) provides:

Civil actions, suits or proceedings arising under any Act of Congress relating to copyrights may be instituted in the dis-

trict where defendant or his agent may be found.

Under 28 U.S.C. § 1400(a) the test for determining whether a nonresident defendant "may be found" within a district is the same as that for determining personal jurisdiction. *Kogan v. Longstreet*, 374 F.Supp. 47, 50 (N.D.Ill.1974); *Battle Creek Equipment Co. v. Roberts Mfg. Co.*, 460 F.Supp. 18, 21–22 (W.D.Mich.1978). This test requires that the defendant have certain minimum contacts with the forum so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The contact must only be such that the defendant could reasonably anticipate being subject to suit in the forum state. *Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 399 (N.D. Ill.1982).

■ In this regard, Capital's activities within Illinois do satisfy the "minimum contacts" test of *International Shoe*. Capital traveled to and stayed in Chicago, Illinois, during the week of January 30, 1984. While in the Northern District of Illinois, Capital offered for sale all of the allegedly infringing works, displayed some of them at the Chicago Gift Show, and sold and delivered certain of them. Capital sold several items to Joy's, an Illinois corporation with a retail outlet in Chicago, Illinois. Thus, Capital availed itself of the benefit of doing business in Illinois markets. It does not offend "notions of fair play" to subject Capital to suit in this forum. *See Ronco*, 539 F.Supp. at 400. Since the "minimum contacts" test is satisfied, venue under § 1400(a) in this district is proper.

B. *Proper Venue in Transferee District*

Venue is proper in the transferee district, the Western District of Washington, as to defendant Capital. Plaintiff Gallery House asserts, however, and Capital does not dispute, that Joy's is not within the reach of process of the Western District of Washington. Since Joy's cannot be sued in Washington, venue is not proper as to Joy's

under 28 U.S.C. 1400(a). Therefore, the suit involving Joy's cannot be transferred to Washington pursuant to 28 U.S.C. 1404(a). *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

■ Defendants, however, argue that Joy's is a nominal defendant and can be eliminated from consideration. In a case involving multiple defendants, transfer may not be made if one of the defendants is not subject to suit in the transferee's district. *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir.1975); *Schutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir.1970). It is possible, however, where one defendant is only secondarily involved in a case, to sever the action and transfer the new cause of action against the defendant as to whom transfer is permissible. *Hess v. Gray*, 85 F.R.D. 15, 22 (N.D.Ill.1979); *Burroughs Corp. v. Newark Electronics Corp.*, 317 F.Supp. 191, 192 (N.D.Ill.1970). Severance in order to permit the transfer of the action is permitted when: (1) the administration of justice would be materially advanced, and (2) the absence of the secondarily involved defendant would not inconvenience the transferee court or the parties. *Hess*, 85 F.R.D. at 22–23. "However, the most compelling factor in determining appropriateness of transfer [of venue] is the interest of society in efficient administration of justice." *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 34 (N.D.Ill.1980).

■ The most efficient administration of justice in this case compels the continuation of this action against both defendants Capital and Joy's in the same forum. Several issues relevant to this suit have already been decided by this Court and one motion is pending on appeal before the United States Court of Appeals for the Seventh Circuit. Clearly, the most efficient administration of justice can be had in this forum where the action has already proceeded for several months and matters relating to both defendants can be resolved in the same suit. Therefore, transfer of this case is not appropriate under § 1404(a) because venue in the Western District of

Washington is not proper as to Joy's under § 1400(a).

### C. *Convenience of the Parties*

Capital asserts that transfer of venue to the Western District of Washington is more convenient for it, although inconvenient for Gallery House. Capital suggests that Gallery House, being the larger company, is better able to bear the costs of litigation in a foreign forum and thus should be the party inconvenienced.

While the relative bargaining power and the financial position of the parties can be taken into consideration, it is only one of several factors to be evaluated. *Bolton v. Tesoro Petroleum Corp.,* 549 F.Supp. 1312, 1317 (E.D.Pa.1982); *Mutual of Omaha Insurance Company v. Dolby,* 531 F.Supp. 511, 514 (E.D.Pa.1982). The plaintiff's choice of forum is a factor entitled to substantial weight under 28 U.S.C. § 1404(a), particularly when the plaintiff has selected his home forum. *Piper Aircraft v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Ronco, Inc. v. Plastics, Inc.,* 539 F.Supp. 391 (N.D.Ill.1982). Unless there is a clear difference in convenience, the plaintiff's choice of forum is determinative. *NTN Bearing Corp. v. Charles E. Scott, Inc.,* 557 F.Supp. 1273 (N.D.Ill.1983).

Although there is some inconvenience to Capital, transfer of this case to the Western District of Washington would simply shift the inconvenience from Capital to Gallery House. A mere shift in inconvenience is not a strong enough reason to disturb the plaintiff's choice of forum. *Id.* at 1279; *Bodines, Inc. v. Sunny-O, Inc.,* 494 F.Supp. 1279, 1286 (N.D.Ill.1980).

### D. *Convenience of the Witnesses*

In this case it appears most of the known witnesses live in Illinois. Corporate officers and employees of Gallery House who may give testimony live in Illinois, and Joy's Clock Shop is here. The only possible witness mentioned by Capital other than Mr. Yi, owner and operator of the company, is Mr. K.K. Lee of Korea. Although Chicago is farther from Korea than Seattle, once Mr. Lee is in transit a few more hours on an airplane is not much of an imposition.

### E. *Interest of Justice*

Factors listed by the Supreme Court to be considered in evaluating whether transfer is in the interest of justice are:

> ... relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make a trial easy, expeditious, and inexpensive.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Cunningham v. Cunningham,* 477 F.Supp. 632, 635 (N.D.Ill.1979).

In this case it appears most of the sources of proof are in Illinois. The majority of witnesses are located in Illinois and would not be subject to compulsory process if the forum were transferred to Washington. The cost of transporting a number of persons from Chicago to Seattle is greater than the cost of one person, Mr. Yi, traveling from Seattle to Chicago.

### III. CONCLUSION

Defendant Capital Trading Company has not sustained its burden to justify transfer. The substantial weight granted to plaintiff Gallery House's choice of forum has not been overcome by showing that this district is an inconvenient forum or that convenience of the parties, convenience of the witnesses, and the interest of justice would be best served by transfer.

Accordingly, defendants' motion to transfer to the Western District of Washington under 28 U.S.C. § 1404(a) is denied.

IT IS SO ORDERED.