The **MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,** Plaintiff,

v.

**Mark McKNIGHT, Gaston McKnight III, Nathaniel McKnight, Peter McKnight, Cornelius McKnight, and Ilona Bobak, Defendants.**

**No. 86 C 3623.**

United States District Court, N.D. Illinois, E.D.

Aug. 25, 1986.

Robert E. Bouma, Richard L. Sandler, Martha V. Sackley, McDermott, Will & Emery, Chicago, Ill., for plaintiff.

E. Sidney Weisz, Benjamin Hyink, Robert C. Samko, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

The plaintiff, Mutual Life Insurance Company of New York ("MONY") institut-ed this interpleader action to determine the proper beneficiaries of a life insurance policy that MONY issued to Gaston McKnight, Jr. ("the Insured"). McKnight died on January 14, 1986, and MONY has received two inconsistent requests for death benefits under the policy. The five named beneficiaries (Mark McKnight, Gaston McKnight III, Nathaniel McKnight, Peter McKnight and Cornelius McKnight) notified MONY of their request for benefits on January 28, 1986. In addition, before any proceeds were disbursed, MONY received a claim from Ilona Bobak, who claims that the policy should be held in a constructive trust for her benefit because the Insured misappropriated her funds in order to purchase it. The parties are before the court on defendant Mark McKnight's motion to dismiss the action for lack of jurisdiction or to transfer the case to the Northern District of Alabama. For the following reasons, the court denies the motion to dismiss or transfer.

MONY instituted this interpleader action pursuant to 28 U.S.C. § 1335, which provides in pertinent part:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, ... of value of $500 or more ... if (1) two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to ... any one or more of the benefits arising by virtue of the ... policy ... and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgement of the court, or has given bond payable to the clerk of the court. ...

MONY has deposited the proceeds of the policy, plus interest and dividends, with the clerk of this court in accordance with § 1335(a)(2). The complaint satisfies the $500 amount in controversy requirement, as well as the minimal diversity requirement, since three of the claimants reside in Illinois, one resides in Wisconsin, and the remaining two defendants reside in Florida and Alabama, respectively.

Defendant Mark McKnight, the Alabama resident, has moved to dismiss this action on the ground that the court lacks personal jurisdiction over him. In the alternative, he asks this court to transfer the action to the Northern District of Alabama. Defendants Peter and Nathaniel McKnight, who are residents of Illinois, have filed a written objection to this motion.

McKnight argues that the court cannot exercise personal jurisdiction over him because he has no contacts with the state of Illinois. Fed.R.Civ.P. 4(f) provides that "[a]ll process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, *when authorized by a statute of the United States* or by these rules, beyond the territorial limits of a state." (emphasis supplied). The present action was instituted pursuant to 28 U.S.C. § 1335, and 28 U.S.C. § 2361 authorizes nationwide service of process on all claimants in these statutory interpleader actions. *See* 7 Wright, Miller & Kane: *Federal Practice & Procedure* §§ 1703, 1711 (2d Ed.1986). In *Fitzsimmons v. Barton*, 589 F.2d 330, 333 (7th Cir.1979), the Seventh Circuit held that a plaintiff suing under a statute authorizing nationwide service of process need not satisfy the "minimum contacts" test for personal jurisdiction in the forum state. In these cases, the plaintiff need only establish that "the defendant, a resident citizen of the United States, has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States court." *Id.* (footnote omitted). *See also Illinois v. City of Milwaukee*, 599 F.2d 151, 156 n. 6 (7th Cir.1979), *vacated on other grounds*, 451 U.S. 304, 101 S.Ct.

1784, 68 L.Ed.2d 114 (1981). Thus, under *Fitzsimmons*, the fact that defendant Mark McKnight has no contacts with Illinois does not prevent this court's exercise of jurisdiction over him. Accordingly, the motion to dismiss for lack of personal jurisdiction must be denied.

Venue in Section 1335 interpleader actions is governed by 28 U.S.C. § 1397, which authorizes venue in any district in which one or more of the defendants resides. This action is clearly proper in this district, since three of the six claimants reside in the Northern District of Illinois. *See* generally 7 Wright, Miller & Kane, *supra* at § 1712. McKnight has moved to transfer this action pursuant to 28 U.S.C. § 1404(a), which authorizes this court to transfer an action to any other district where the claim might have been brought "for the convenience of parties and witnesses, and in the interests of justice." The decision to transfer is a discretionary one, and in exercising their discretion, district courts must consider the three factors specifically mentioned in Section 1404(a): convenience of the parties, convenience of the witnesses, and the interest of justice. *Butterick v. Will*, 316 F.2d 111, 112–13 (7th Cir.1963); *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir.1955), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Cunningham v. Cunningham*, 477 F.Supp. 632, 634 (N.D.Ill.1979). In considering these factors, the court must bear in mind that the plaintiff is permitted to choose any proper forum and that the plaintiffs' choice should not be lightly set aside. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946); *Dairy Industries Supply Association v. LaBuy*, 207 F.2d 554, 558 (7th Cir.1953). Furthermore, the plaintiff's choice of forum should normally not be disturbed where transfer merely shifts rather than eliminates inconvenience to the parties. *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D.Ill.1979).

The movant in a motion to transfer has the burden of proving that the balance

weighs in favor of the proposed transferee district. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986); *Illinois Tool Works v. Sweetheart Plastics, Inc.,* 436 F.2d 1180, 1188 n. 19 (7th Cir.1971), *cert. denied,* 403 U.S. 942, 91 S.Ct. 2270, 29 L.Ed.2d 722 (1971); *Bodine's Inc. v. Sunny-O, Inc.,* 494 F.Supp. 1279, 1285 (N.D.Ill. 1980). The court finds that Mark McKnight fails to establish that any of these factors favor a transfer of this action to the Northern District of Alabama. Of the six defendants, Mark McKnight is the only claimant who resides in Alabama. In contrast, two of his brothers and Ilona Bobak, the claimant adverse to his interest, all reside in Illinois. Another brother resides in Wisconsin, which is adjacent to Illinois. McKnight has failed to allege the existence of any circumstances, aside from his own convenience, which might favor a transfer. For this reason, his motion to transfer is denied.