**Andrea DWORKIN, a citizen of New York, Plaintiff,**

v.

**HUSTLER MAGAZINE, INC., a California corporation; Larry Flynt, a citizen of California; and Flynt Distributing Company, Inc., a California corporation, Defendants.**

No. C85–0111–B.

United States District Court, D. Wyoming.

Nov. 18, 1986.

See also, 634 F.Supp. 727.

Gary L. Shockey, Elizabeth Greenwood, Spence, Moriarity & Schuster, Jackson, Wyo., for plaintiff.

George E. Powers, Jr., Godfrey & Sundahl, Cheyenne, Wyo., David O. Carson, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR TRANSFER OF ACTION PURSUANT TO 28 U.S.C. § 1404(a)

BRIMMER, Chief Judge.

This matter came before the Court on the defendants' motion for change of venue. The Court, having reviewed the pleadings and being fully advised in the premises, FINDS and ORDERS as follows:

The plaintiff originally filed this action in Wyoming state court. She, along with two Wyoming residents, brought a suit against the defendants herein in addition to a distributing company and a Wyoming convenience store, alleging violation of their constitutional rights under the first and fourteenth amendments to the United States Constitution, and violation of Wyoming obscenity statutes, as well as libel, intentional infliction of emotional harm, invasion of privacy and outrage. The case was subsequently removed to this court. In a previous order on a number of motions, this Court dismissed all of the Wyoming parties and the distributing company, in addition to the claims under the Constitution and the Wyoming statutes. This action now stands as a tort action by a resident of New York against residents of California. The acts at issue consist of three individual publications of *Hustler* magazine, a magazine which is distributed nationally, including in Wyoming, New York and California. The Court has already ruled that jurisdiction and venue are properly in this court. *Dworkin v. Hustler Magazine, Inc.*, 611 F.Supp. 781 (D.C.Wyo.1985).

Pursuant to 28 U.S.C. § 1404(a), this Court may transfer a civil action to another district court where it might have been brought, for the convenience of parties and witnesses and in the interest of justice. This statute, admittedly, does not give specific guidance as to when transfer should be granted. As Wright, Miller & Cooper have observed:

> [T]he statute gives no hint about how these broad categories are to be weighed against each other. It seems that much necessarily must turn on the particular facts of each case and that the trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum. 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3847, at 370 (2d ed. 1986).

The decision to transfer is, thus, a matter of discretion for the trial judge, but the Court must account for a number of factors developed by the Tenth Circuit and other federal courts. The Court notes that the factors which must be balanced vary depending on the facts of each case, but the following issues are considered in most cases:

1. convenience of parties (residence, preference, expense of attendance in that forum, location of books and records);

2. convenience of witnesses (expense in time and money of attendance in that forum, importance of witness);

3. interests of justice
   a) plaintiff's choice of forum
   b) applicable law
   c) docket congestion
   d) efficient judicial administration
   e) location of counsel
   f) other relevant considerations

In this case, the balance of these considerations tilts in favor of transferring the case to the Central District of California.

## CONVENIENCE OF PARTIES

There are no longer any Wyoming parties. All of the defendants are residents of California. Defendants contend that Wyoming is an inconvenient forum in that it is a difficult place to which to travel, travel and lodging are expensive and time consuming, and in Wyoming, as opposed to Central California, the defendants must hire local counsel. The Court recognizes that Wyoming is not a convenient forum for the defendants.

The plaintiff is a resident of New York. She does not claim that Wyoming is necessarily a convenient forum, but that it is her preferred forum because that is where her chosen counsel resides. She contends that the firm of Spence, Moriarity and Schuster of Jackson, Wyoming is one of a very rare and special breed of law firm that is willing to represent her in this matter, and since Wyoming is the most convenient forum for her counsel, it is necessarily the most convenient forum for the plaintiff as well.

At the hearing on this motion, the plaintiff argued that she would have to go to the expense of retaining local California counsel if the case were transferred there. However, the Court notes that the plaintiff agreed to be deposed in the Central District of California, at which proceeding Mr. Spence represented the plaintiff. The plaintiff's arguments regarding her own convenience appear to be a combination of arguments concerning plaintiff's choice of forum and convenience of counsel, both of which are addressed below. As for the plaintiff's actual convenience, the Court doubts that the Central District of California is less convenient for the plaintiff than Wyoming. It is generally easier and less expensive to travel from New York to California than to Wyoming, and the Spence firm will continue to represent the plaintiff if the case is transferred. Consequently, the Court must find that the convenience of parties weighs in favor of transferring the case to California.

## CONVENIENCE OF WITNESSES

The vast majority of the defendants' witnesses reside in the Central District of California. There are also a number of defense witnesses who will testify only under a subpoena, which would not be obtainable in Wyoming. *See* affidavit of David O. Carson, October 16, 1985, at 2–3. As most, if not all, of these witnesses have jobs in the Central District of California, it would be quite expensive and inconvenient for them to come to Wyoming for the trial, since a Wyoming trial would require more time and expense in travel.

Neither the plaintiff [1] nor the defendants intend to call any Wyoming witnesses. Although some New York or other non-California witnesses may be called, their convenience will not be increased by trying the case in Wyoming rather than California. The Court thus must find that the convenience of witnesses weighs in favor of transferring the case to the Central District of California.

## INTERESTS OF JUSTICE

a) The plaintiff's choice of forum

■ The plaintiff has made it clear that her choice of forum is Wyoming. The question is how much weight this preference should carry when considered along with all of the other factors, for it is neither the sole nor decisive consideration for transferring venue under 28 U.S.C. § 1404(a); it is but one factor among many. *See* Wright, Miller & Cooper, *supra,* § 3848.

The circuit and district courts that have addressed this issue are not in agreement. The Tenth Circuit has held that the plaintiff's choice of forum should receive considerable weight, *Texas Eastern Transmission Corp. v. Marine Office—Appleton & Cox Corp.,* 579 F.2d 561 (10th Cir. 1978), and that "unless evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed." *Texas*

---

**1.** The Court is cognizant of the fact that the original plaintiffs intended to call Wyoming witnesses. However, these witnesses were sched-uled to testify for causes of action that have since been dismissed.

*Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967). This Court notes, however, that in both of these cases the plaintiff had chosen the forum in which he resided, which is not the case here. The district court of Oklahoma, which is a part of this circuit, has held on numerous occasions that a plaintiff's choice of forum should receive less weight when the forum has no obvious connection with the case. *National Sur. Corp. v. Robert M. Barton Corp.,* 484 F.Supp. 222 (W.D.Okla.1979); *ROC, Inc. v. Progress Drillers, Inc.,* 481 F.Supp. 147 (W.D.Okla.1979); *Pope v. Missouri Pac. R.R. Co.,* 446 F.Supp. 447 (W.D.Okla. 1978); *Northwest Animal Hospital, Inc. v. Earnhardt,* 452 F.Supp. 191 (W.D.Okla. 1977); *Lowry v. Chicago, Rock Island and Pacific R.R. Co.,* 293 F.Supp. 867, 868 (W.D.Okla.1968).

The problem here is that there is some connection between Wyoming and the conduct alleged in that a very small percentage of the allegedly libelous material was distributed in Wyoming. Consequently, this case falls in between the Tenth Circuit cases and the Oklahoma cases. The Court finds, however, that this connection is tenuous, at best, and is therefore only slightly more significant than the absence of an obvious connection to the case. Nevertheless, in that the Court recognizes the value of the plaintiff's power to choose her forum, it finds that the plaintiff's choice of forum weighs against transferring the case. The Court further finds that while it respects the plaintiff's preference, it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so.

b) The applicable law

▪ The Supreme Court has ruled that in diversity cases, courts must look to the forum state's conflict-of-laws rules to determine the applicable substantive law. *Klaxon v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Moreover, when a case has been transferred, the transferee court must apply the same law that the transferor court would apply. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

The present case is a diversity action based on tort law. The Wyoming Supreme Court ruled in *Duke v. Housen,* 589 P.2d 334 (Wyo.1979), that in interstate tort cases, with elements in different jurisdictions, "the law of the place where the plaintiff sustains the injury to her person controls. Restatement of Conflict of Laws, § 377; 2 Harper and James, § 30.4, p. 1961." *Id.* at 341. The Court found that the Wyoming Legislature supported this principle by enacting a "borrowing statute" which stipulated that "[i]f by the laws of the state or county where the cause of action arose the action is barred, it is also barred in this state." Wyo.Stat. § 1–3–117 (1977). The Court held that:

> ... in applying a "borrowed" statute, we must consider not only the borrowed limitation of action statute itself, but also any applicable tolling or *other statutes as well as pertinent court cases. In effect, plaintiff's cause must be viewed as if filed in the state where under the laws of that state a cause of action accrued. Duke v. Housen, supra,* 589 P.2d at 345 (emphasis supplied).

Therefore, according to Wyoming law, the applicable law here is the law of the state where the cause of action arose.

▪ Although the Wyoming Supreme Court has not yet ruled on this particular choice of law situation, this Court finds that in a case of multi-state defamation, the Wyoming Court would hold that the cause of action arose in the state of the plaintiff's domicile. In conflict of laws matters, Wyoming follows the First Restatement of Laws. *Duke v. Housen, supra,* 589 P.2d at 341; *Brown v. Riner,* 500 P.2d 524 (Wyo.1972); *Ball v. Ball,* 73 Wyo. 29, 269 P.2d 302 (Wyo.1954). According to the *Restatement of Conflict of Laws* § 377 comment 5, the place of wrong in a defamation action is the place where the information is communicated and where the plaintiff is known; this is generally the plaintiff's domicile.

Although it follows a slightly different line of reasoning, the Tenth Circuit has also held that in cases of multi-state defamation, Wyoming would apply the law of the plaintiff's domicile. In *Anselmi v. The Denver Post, Inc.*, 552 F.2d 316 (10th Cir. 1977), Wyoming residents charged that they were libeled by an article published by a California newspaper and distributed in Wyoming and other states. The Court found that under Wyoming law, "one can be libeled at the place where he resides and where his reputation resides." *Anselmi v. The Denver Post, supra*, 552 F.2d at 320. It further stated that when there has been a publication in two or more states of an aggregate publication claimed to be defamatory, at least most issues involving the tort should be determined by the local law of the state where the plaintiff has suffered the greatest injury by reason of his loss of reputation and that this will usually be the state of the plaintiff's domicile. *Id.*, at 321–22. Although the Tenth Circuit cited the Restatement Second for this point, this Court finds that *Anselmi* is significant for the principle that in Wyoming the law of the plaintiff's domicile should be applied in most defamation cases. The Court notes that at least in this instance, the First and the Second Restatement may be cited for the same point. Therefore, the Court finds that the Wyoming Supreme Court would probably apply the law of the plaintiff's domicile which, in this case, is New York. *See also Olmstead v. American Granby Co.*, 565 P.2d 108 (Wyo.1977). Consequently, the choice of law does not weigh in favor of keeping the case in Wyoming, since this would not be a matter of a local court applying local law. *See* Wright, Miller & Cooper, *supra*, § 3854, at 466 *et seq.*

c) Docket congestion

The Court has taken judicial notice of the fact that the courts in the Central District of California have more congested dockets than do the courts in Wyoming. The Court recognizes that if this case is transferred to California there will be a greater delay in getting to trial. This consideration weighs against transfer.

d) Efficient judicial administration

It would clearly be more efficient in terms of judicial time and energy to keep and try the case in Wyoming. This Court is thoroughly familiar with the issues and the development of the case, whereas another court will have to retrace many of this Court's steps in order to try it. This factor alone, however, is not enough to justify keeping the case in Wyoming. In the single case this Court found in which the Tenth Circuit refused to transfer a case because it would have been administratively inefficient, both sides had already presented the merits of the case to the court. *Bond v. National Transp. Safety Bd.*, 608 F.2d 835 (10th Cir.1979). Although this Court is currently in the best position to efficiently try the case, it has not heard the merits of the case, and consequently the concern for efficient administration herein is not as acute as it was in *Bond*. The Court thus finds that the consideration for efficient judicial administration weighs against transferring the case, but it is, of course, not an overriding consideration.

e) Location of counsel

Courts are in disagreement about the significance of the location of counsel to the decision to transfer a case. Some take it into account, and apparently many others do not. Wright, Miller & Cooper, *supra*, § 3850. This Court recognizes that retaining local counsel and requiring principal counsel to travel is an expense and inconvenience to both the party and counsel. In the present case, the defendants currently suffer these inconveniences and expenses. While the Court notes that the plaintiff's counsel must also travel some distance to this Court since their office is on the other side of the state, it acknowledges that transferring the case to California would create an even greater burden for the plaintiff's counsel and would lift the burden from the defendants' counsel. It is well established that a shift of inconveniences does not justify, or in this case weigh in favor of transferring a case under 1404(a). *Van Dusen v. Barrack, supra*, 376 U.S. 612, 84 S.Ct. 805; Wright, Miller

& Cooper, *supra*, § 3848 n. 20. In light of this and the fact that both parties will have representation if the case is transferred, the Court finds that the location of counsel, although not a factor of great significance, weighs against transfer.

### f) Other relevant considerations: Protection of First Amendment Rights

In a case similar in kind to the one at bar, General William C. Westmoreland filed a libel suit against CBS in his home district of South Carolina (though apparently not in his home division). *Westmoreland v. CBS,* 8 Med.L.Rptr. 2593 (D.C.S.C.1982). In granting the defendants' motion to transfer the case to New York, per § 1404(a), the Court, citing *Buckley v. New York Post Corp.,* 373 F.2d 175 (2nd Cir.1967), stated that the protection of first amendment rights may be properly considered when deciding venue. It explained that

> In *Buckley,* the Court of the Second Circuit observed that the First Amendment may be regarded "as giving forum non conveniens special dimensions and constitutional stature in actions for defamation against publishers and broadcasters." 373 F.2d at 183–184. Although not controlling, this Court is not unmindful of the *chilling effect on First Amendment rights when a defendant is subjected to a trial involving weeks or months and tremendous expense in a forum several hundred miles from his home and occupation.* Conceivably, this factor could become a prime consideration in a publisher's or telecaster's decision to report and publish items critical of national figures. To hold otherwise could provide a vehicle for a plaintiff aggrieved, real or imagined, to bombard the national media with litigation with no other purpose than harassment. *Westmoreland v. CBS, supra,* 8 Med.L.Rptr. at 2496, 2497 (emphasis supplied).

This Court, noting that the Tenth Circuit has cited *Buckley* with approval in *Anselmi v. The Denver Post, supra,* 552 F.2d at 320, agrees with the South Carolina court. Courts must be sensitive to the potential chilling effect of any libel suit, and perhaps especially so when the defense of the suit requires the additional burden of attendance in an inconvenient forum. This Court finds, therefore, that protecting first amendment rights is an important consideration in the decision to transfer venue, and in this case weighs in favor of transfer.

In conclusion, the Court regrets that this case will suffer still more delays in the Central District of California, but finds, nevertheless, that the factors in favor of transferring venue outweigh those against. The Court further notes that transfer is proper to the Central District of California since it is a district in which this action might have been brought. 28 U.S.C. §§ 1404(a) and 1391(b). Therefore, it is

ORDERED that the defendants' motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a) be, and the same hereby is, granted, and that this action is transferred to the Central District of California.