Josh P. WHEELER, Plaintiff,

v.

WAL–MART STORES, INC., a Delaware corporation, Defendant.

No. 97–CV–1015–J.

United States District Court, D. Wyoming.

Sept. 18, 1997.

Neil J. Short, Casper, WY, Mark W. Gifford, Casper, WY, for Plaintiff.

Roger E. Shumate, Thomas R. Smith, Murane & Bostwick, Casper, WY, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, Chief Judge.

This matter is before the court on defendant's Motion for Summary Judgment. The court has considered the entire file and is fully advised.

### UNDISPUTED FACTS

Plaintiff Josh Wheeler began to work for Wal–Mart on May 19, 1986, in Texas. After a month of work plaintiff applied for one of Wal–Mart's truck driver positions and was transferred to the driver fleet in July 1986.

The same month plaintiff attended driver orientation in Arkansas. The orientation was conducted by Joe Michaels, Wal–Mart's safety supervisor for all distribution centers. Mr. Michaels discussed a step discipline procedure for truck drivers. He told the trainees that Wal–Mart had a policy of warning drivers for infractions of company rules and giving them a chance to improve their performance or to correct their mistakes before they would be terminated. The trainees were also told that for serious offences they could be fired without a warning or chance to improve.

Plaintiff generally received good performance appraisals while he worked for Wal–Mart. However, one time he was put on "step" and counseled because of a logging violation for excessive hours. Plaintiff worked out of the Plainview, Texas distribution center for many years.

While he worked in Texas plaintiff received an associate's handbook, a driver's handbook and also signed consent forms. All contained notices that plaintiff's employment was terminable at-will. The court finds that the disclaimers in the handbooks are clear and conspicuous. The associate's manual discusses what is called the "coaching for improvement process." Under this process, "when an associate's performance or conduct falls below the expectations of his or her position, the associate is informed and encouraged to take responsibility for his or her actions." However, the manual also provides that coaching will not be used for "certain actions of misconduct" that may result in immediate termination. The manual provides that actions subject to immediate termination "include, but are not limited to," examples such as "fraud, theft, dishonesty/compromised integrity," etc. The Handbook does not use the term "good cause" or otherwise curtail the employer's right to terminate the employee.

The driver's manual also discusses performance coaching. Like the associate's manual, it states, "certain actions and behavior while on the job or on Company property may result in immediate termination." It has a non-exclusive list of examples similar, but not identical, to those listed in the employee handbook, including "severe safety violations."

The court finds that the manuals do not contain any provision expressly changing employment from at-will, curtailing the employer's right to terminate employment or limiting the employer's right to unilaterally amend or withdraw the handbook.

In July 1995, at plaintiff's request he was transferred to another distribution center in Loveland, Colorado.

Shortly before his transfer, plaintiff was divorced from his wife of 36 years. The terms of his divorce decree required plaintiff to continue paying for his ex-wife's insurance

coverage under COBRA. Plaintiff directed Wal–Mart's employee benefits department to effect the change in insurance coverage and even sent them a copy of his divorce decree. For reasons that are not clear in the record Wal–Mart's employee benefits department did not make the change. In the fall of 1995 plaintiff was required to turn in new insurance forms. He signed that new form showing his ex-wife as a spouse for insurance purposes.

Wal-Mart policies allow its truck drivers to carry family members as passengers in company-owned vehicles under limited conditions. Wal–Mart's drivers are allowed to take their spouses as passengers provided the spouse has a signed release on file at the dispatch office. Each release is valid for one week only. Wal–Mart does not authorize drivers to carry non-family members as passengers in company-owned vehicles under any circumstances.

Carrying an unauthorized passenger is a violation of Department of Transportation Regulations § 392.60.

In February of 1996, plaintiff and his ex-wife decided to remarry. His ex-wife wanted to get remarried in Texas, so plaintiff allowed her to accompany him on a trip from Loveland, Colorado to Texas. Plaintiff knew it was a violation of company policy to allow his ex-wife to accompany him in a company-owned vehicle.

Plaintiff and his ex-wife did not remarry during that February trip to Texas. Instead his ex-wife drove a personal vehicle on the way back and they remarried later in Wyoming.

On February 22, 1996, Wal–Mart fired plaintiff. The reasons given for the termination of plaintiff's employment were as follows:

(1) Unauthorized passenger in commercial/company vehicle—Took ex-wife in Wal–Mart Tractor to Texas—(2) Filled out Personal Choice Benefits in September 1995 as if associate was still married to ex-wife—associate stipulated he was divorced since June 1995—Did not make changes in 1995 at time of divorce. Benefits filled out

in September of 1995 went into effect January 1996.

Def.'s Ex. 2.

At the time he was fired, plaintiff did not explain that he had attempted to have the insurance coverage changed per the divorce decree shortly after he was divorced.

Plaintiff spent all but a few months of his employment working in Texas with Wal-Mart.

## DISCUSSION AND CONCLUSIONS

The standard for the grant or denial of summary judgment is well known:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. If the movant bears the burden of showing the absence of a genuine issue of material fact, the non-movant may not rest on its pleadings but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.

*Mesa Oil, Inc. v. Ins. Co. of North America,* 123 F.3d 1333 (10th Cir. 1997).

In this diversity case, this court must apply the law of the forum state, including that state's choice of law rules. *Dobbs v. Chevron U.S.A., Inc.,* 39 F.3d 1064, 1068 (10th Cir.1994).

> Wyoming applies "the law of the state where the cause of action arose." *Dworkin v. Hustler Magazine, Inc.,* 647 F.Supp. 1278, 1281 (D.Wyo.1986). Accordingly, in a contract action, the applicable law is that of the forum in which performance was to occur or where the contract was made. *Wyoming Construction Co. v. Western Casualty and Surety Co.,* 275 F.2d 97, 105 (10th Cir.1960).

*Id.*

In this case the court finds that plaintiff was hired in Texas, he received his handbook and other employment papers in Texas,

his employment was nearly all performed in Texas and Texas law should apply.

Plaintiff brings his complaint alleging breach of an implied contract of employment and for tortious breach of the implied covenant of good faith and fair dealing.

■ Texas is an employment-at-will state. An employee is generally considered to be an employee at-will, and the employment relationship is terminable at any time by either party, with or without cause, unless an express employment contract provides to the contrary. *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex.1993).

■ Texas law does not recognize an implied covenant of good faith and fair dealing in employment law. *Rios v. Texas Commerce Bancshares,* 930 S.W.2d 809 (Tex. Ct. App., Corpus Christi 1996). Accordingly, defendant is entitled to summary judgment on plaintiff's claim of breach of the implied covenant of good faith and fair dealing.

■ Under Texas law, an "employee manual or handbook cannot create a contract between the employee and employer unless it specifically and expressly so states by limiting the relationship and curtails the employer's right to terminate the employee." *Brown v. Montgomery County Hospital,* 929 S.W.2d 577, 583 (Tex. Ct.App., Beaumont 1996).

■ If an employee manual contains specific disciplinary procedures and an employer obligation to discharge only for just cause, it can be an express contract which the employer must follow with respect to discharge and discipline. *Aiello v. United Air Lines, Inc.,* 818 F.2d 1196, 1198 (5th Cir.1987). However, where there is no express agreement limiting the employers' right to unilaterally amend or withdraw the handbook, no modification of the employee's at-will status will be found. *Brown v. City of Galveston,* 870 F.Supp. 155, 160 (S.D.Tex. 1994).

■ The court has found, *supra,* that there is no provision in the handbooks that expressly curtails the employer's right to terminate the employee. There is no express provision that the employer will only

terminate plaintiff for cause or good cause. Therefore defendant is entitled to judgment on plaintiff's claim of breach of a contract of employment implied from the handbooks.

In response to summary judgment plaintiff raises a new theory, he alleges that there was an express oral contract that he would not be terminated except for good cause.

> An oral agreement not to fire an employee unless there exists "good cause" or as long as an employee performs satisfactorily ... has been routinely held to be a valid oral modification of the at will status and enforceable [under Texas law.]

*Brown v. Montgomery County Hospital District,* 929 S.W.2d 577, 584 (Tex. Ct.App. Beaumont 1996).

■ To show such an oral modification, plaintiff must show an oral agreement with supervisory personnel who had authority to make the modification. *Johnson v. Ford Motor Company, Inc.,* 690 S.W.2d 90, 93 (Tex. Ct.App. Eastland 1985).

Plaintiff has shown neither an express oral agreement that he would not be fired except for good cause nor an agreement with supervisory personnel who had authority to make such a modification. The record is entirely devoid of any reference to "good cause" by Wal–Mart. Accordingly, defendant is entitled to summary judgment on plaintiff's claim of an oral contract of employment.

■ Further, where plaintiff admits that he knew he was violating Wal–Mart's authorized passenger rule when he decided to take his ex-wife along on a trip, and where he failed to provide Wal–Mart with the required release, the undisputed facts show good cause for termination. This court will not second guess the reasons for such rules or an employer's decision that a knowing violation of a particular written rule is a "serious" violation.

There are no material issues of fact and the court concludes that defendant is entitled to summary judgment as a matter of law.

The court will enter an appropriate judgment.